# Richmond

## DANNY CARSON LOWERY

v.

## COMMONWEALTH OF VIRGINA

No. 0294-88-2

Decided January 9, 1990

COUNSEL

John N. Clifford (Vera Duke; Clifford & Duke, P.C., on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Danny C. Lowery was convicted in a bench trial of robbery and use of a firearm in the commission of a robbery. On appeal, he argues that the trial court abused its discretion in denying his attorney's request for a recess to speak with a witness who arrived in court after the trial had begun. We find that we are unable to reach the merits of this argument because Lowery failed to enter a proffer, stipulation or unchallenged avowal of the witness' expected testimony. Accordingly, we affirm Lowery's convictions because he failed to demonstrate that prejudice resulted from the trial court's denial of his request for a recess during the trial.

Lowery's trial initially was set for January 29, 1988. He subpoenaed Barbara Bevins to testify, claiming that he spent the evening of the robbery at a party at Bevins' home. Bevins failed to appear in court on January 29, 1988, and the case was continued to February 24, 1988 to secure her presence.

At the beginning of trial on February 24, 1988, Lowery notified the court that Bevins was not present and that she was a material witness, but made no proffer of her expected testimony at that time. The prosecutor then informed the court that, according to Lowery's attorney, Bevins had spoken with Lowery and had refused to testify "in the manner that the defendant requested." The prosecutor also stated that he had spoken with Bevins by telephone that morning and she had told him the same thing. He ex-

plained that during this conversation, he gave Bevins the telephone number of Lowery's attorney and instructed her to appear in court for trial later that day.

As the witnesses were being sworn prior to the beginning of the Commonwealth's case, Bevins appeared in the courtroom. Lowery asked the court for a recess to confer with Bevins. The court denied this request. The Commonwealth then proceeded with the introduction of its evidence and after the Commonwealth rested its case, Lowery testified in his own behalf. Following Lowery's testimony, his attorney once again requested a recess to speak with Bevins before calling her as a witness. The court refused this request, but allowed Lowery and his attorney to confer at this time. After they spoke, Lowery's attorney chose not to call Bevins as a witness and rested his case. He made no proffer of Bevins' anticipated testimony at this time or at any other time during or after the trial. The court found Lowery guilty of both charges.

Lowery argues that the trial court's refusal to grant a recess denied him the right to call a material witness in his behalf. He claims that Bevins could have corroborated his testimony, but that if he had called her as a witness without his attorney having first interviewed her, there was a great risk that she would have given testimony detrimental to his case. Thus, he contends that the denial of the recess resulted in an inability to present evidence in his favor. Lowery cites *Lacks v. Commonwealth*, 182 Va. 318, 28 S.E.2d 713 (1944) for the proposition that he should have been granted the recess to allow him to present alibi testimony.

The Commonwealth argues that Lowery's failure to proffer Bevins' testimony for the record precludes consideration of the merits of the case. The Commonwealth contends that, without a proffer of Bevins' testimony, this Court cannot determine whether she was a material witness, whether the trial court abused its discretion in denying the motion for a recess, and if the court committed error, whether that error was harmless.

Although this case deals with counsel's request for a recess rather than a continuance, we find that the same standard of appellate review applies to the denial of a request for a recess during

the trial as to a request for a continuance.[1] This Court has previously set forth a two-pronged test for determining reversible error in the denial of a continuance request. In *Venable v. Venable*, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986), we stated: "The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal." *See also Rosenberger v. Commonwealth* 159 Va. 953, 957, 166 S.E. 464, 465-66 (1932); *Parsons v. Commonwealth*, 154 Va. 832, 839, 152 S.E. 547, 550 (1930).

■ From the record before us, we find that Lowery has not satisfied this two-pronged requirement. Even if we assume arguendo that the trial court abused its discretion in denying Lowery a recess, we are unable to determine whether prejudice resulted. The record before us is silent regarding whether Bevins' testimony would have supported Lowery's alibi defense. Instead, Lowery asks us to speculate that, because Bevins might have provided alibi testimony, he was prejudiced by the trial court's refusal to grant his attorney a recess to speak with her. Prejudice, however, may not be presumed; it must appear from the record. *Bradley v. Poole*, 187 Va. 432, 433, 47 S.E.2d 341, 341 (1948).

In addition, we find that Lowery's failure to proffer his witness' testimony readily distinguishes this case from *Lacks*, which he cites in support of his argument. In *Lacks*, the record before the trial court contained written statements setting forth the facts to which the absent alibi witness would have testified. Thus, the Supreme Court was able to examine the content of the witness' expected testimony to determine whether the defendant had suffered prejudice as a result of the denial of his continuance request.

■ To establish a proper record for appeal, the content of a witness' expected testimony may be set forth in the trial record by: (1) a unilateral avowal of counsel, if unchallenged; (2) a mutual stipulation of the parties; or (3) the taking of testimony of the witness outside the presence of the jury. *Whittaker v. Common-*

---

[1] In deciding that the same standard of review is applicable to the denial of a motion for a recess as to the denial of a motion for a continuance, we do not decide that the considerations which pertain in granting a recess and in granting a continuance are the same. Because of our finding that Lowery failed to show prejudice, we do not address whether the trial court's actions in this case constituted an abuse of discretion.

*wealth*, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977).

We find that Lowery failed to make a proper record for appeal in conformance with the requirements of *Whittaker*. Since the prosecutor had informed the trial court that he had spoken with Bevins that morning and Bevins had indicated she would not testify favorably on Lowery's behalf, Lowery's counsel could not present an unchallenged avowal or mutual stipulation of Bevins' expected testimony for the record. Therefore, it was incumbent upon Lowery's counsel to make a record of Bevins' testimony.

■ The fact that Lowery was tried by the court sitting without a jury does not excuse his failure to make a proper proffer of her testimony to the trial court. As explained by the Supreme Court in *Wyche v. Commonwealth*, 218 Va. 839, 241 S.E.2d 772 (1978):

> The fact that this trial was by the judge and not a jury, and that the evidence could not be proffered outside the presence of the trier of fact, is not sufficient explanation for defendant's failure to proffer. In *Akers v. Commonwealth*, 216 Va. 40, 45, 216 S.E.2d 28, 31 (1975), we cited with approval *People v. Brown*, 24 N.Y.2d 168, 172, 247 N.E.2d 153, 155, 299 N.Y.S.2d 190, 193 (1969), where the New York court said that " 'a Judge — unlike a jury — by reason of his learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination. . . .' " We will not assume that the trial judge in the case under review could not or would not have disregarded any testimony that he considered improper.
>
> The requirement for proffer of testimony is to assure that the record will be complete.

*Id.* at 842, 241 S.E.2d at 775. In the case before us, defense counsel could have proffered Bevins' testimony either during the trial or after the verdict since the proffer was necessary only to provide a complete record for appeal, and not to assist the trial judge in ruling on the admissibility of evidence.

In summary, therefore, we find that since Lowery failed to present a complete record to this Court for proper review of the issue

he raises, we cannot address the merits of that issue and affirm the judgment of the trial court.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.