COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick


WILLIAM JAMES BUCHANAN

v.          Record No. 2376-94-3          MEMORANDUM OPINION[*]
                                     BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                 FEBRUARY 13, 1996


               FROM THE CIRCUIT COURT OF BLAND COUNTY
                        A. Dow Owens, Judge

          James R. Henderson, IV (Henry A. Barringer;
          Henderson and DeCourcy, P.C., on brief), for
          appellant.

          Thomas C. Daniel, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Katherine P. Baldwin, Assistant Attorney
          General, on brief), for appellee.


     William James Buchanan was convicted in a jury trial of

robbery and murder.  Buchanan contends that the trial court erred

by failing to grant a continuance after the court appointed

defense investigator informed defense counsel that he could not

assist in the defense, and by overruling Buchanan's objections to

four jurors that were based on irregularities in the venire

facias.  We hold that the trial court did not err and affirm the

defendant's convictions.

                           **I. Continuance**

     "The decision whether to grant a continuance is a matter

within the sound discretion of the trial court.  Abuse of

_____

     [*] Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

discretion and prejudice to the complaining party are essential to reversal."  Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990) (quoting Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986)).  Here, the defendant has shown neither abuse of discretion nor prejudice.

Defense counsel was appointed April 27, 1994, and the defendant was granted a continuance until August 30, 1994 to allow defense counsel to prepare for trial, which was continued again until September 13, 1994.  Thus, defense counsel had over four months to investigate the case, interview witnesses, and subpoena Bernard Neal for trial.  In fact, the record reveals that defense counsel prepared for trial by requesting the case file from the public defender's office in early May and discussed the case with Investigator Hart on July 22.  Moreover, after Investigator Hart informed counsel on August 31 that he would be unable to interview potential witnesses, counsel had fourteen days to secure the attendance of Bernard Neal but made no effort to do so.  On these facts, defense counsel had ample opportunity to investigate the case and prepare for trial.  The trial court did not abuse its discretion by overruling the motions for a continuance.

## II. Venire Facias

Code § 8.01-351 requires that the circuit court clerk file the venire facias "showing the name, age, address, occupation and employer of each juror."  A verdict shall not be set aside on the

grounds that the <u>venire facias</u> contained an irregularity "unless it appears that the irregularity was intentional or that the irregularity . . . be such as to probably cause injustice . . . to the accused."  Code § 8.01-352(B); <u>O'Dell v. Commonwealth</u>, 234 Va. 672, 690, 364 S.E.2d 491, 501, <u>cert. denied</u>, 488 U.S. 871 (1988).

Citing <u>Harmon v. Commonwealth</u>, 212 Va. 442, 185 S.E.2d 48 (1971), the defendant asserts that the irregularities in the venire as to the five challenged jurors are presumed to be intentional.  <u>See</u> <u>id.</u> at 444, 185 S.E.2d at 50 (stating that "the issuance of writs of <u>venire facias</u> different from what the law prescribes is an intentional irregularity and not within the curative provisions of the statute").  However, the facts in <u>Harmon</u> are inapplicable to the facts in the present case.  In <u>Harmon</u>, "the statutory provisions which govern the summoning of a jury were not followed."  <u>Id.</u>  Here, the jury was summoned properly, but the <u>venire facias</u> omitted information concerning the occupation and employer of two veniremen, and contained incorrect information as to the occupations and employers of three veniremen.  The evidence fails to show that the omissions or irregularities were intentional, but moreover, there was no showing of prejudice.  Code § 8.01-352(B).

The trial court did not err by overruling the defendant's motions for a continuance or by overruling the defendant's objections to the four veniremen.  Accordingly, we affirm the

defendant's convictions.

                                                    Affirmed.