COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


JULIUS M. MARTIN
                                    MEMORANDUM OPINION* BY
v.         Record No. 2715-95-2      JUDGE LARRY G. ELDER
                                      NOVEMBER 26, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                    Robert G. O'Hara, Judge

          H. Lee Townsend, III (Townsend and Bloom,
          P.L.L.C., on brief), for appellant.

          Ruth Ann Morken, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Margaret Ann B. Walker, Assistant Attorney
          General, on brief), for appellee.


     Julius M. Martin (appellant) appeals his conviction of

malicious wounding.  He makes three assignments of error.  First,

he contends that the trial court abused its discretion in denying

his motion for a continuance when he proffered that a material

witness was not present.  Second, he asserts that the trial court

abused its discretion in removing him from the courtroom during

his trial as a result of his allegedly disruptive behavior.

Third, he contends that the trial court erred in refusing to

instruct the jury on the lesser included offense of unlawful

wounding.  For the reasons that follow, we affirm.

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

FACTS

Appellant, an inmate at the Greensville Correctional Facility, was charged with maliciously wounding another inmate on December 25, 1994. Following a continuance that was previously granted to the Commonwealth, appellant was tried on September 28, 1995. The trial was held in a small temporary courtroom that measured approximately twenty feet by thirty feet and was occupied by twenty to thirty people during his trial.

At the beginning of the trial, after the swearing of the jury panel, appellant's counsel moved the trial court for a continuance on the ground that a material witness was not present. Although she stated that the witness was material because he had witnessed the alleged crime, she did not proffer the substance of the missing witness' testimony. The missing witness was not subpoenaed because he had failed to respond to a letter sent by appellant's counsel requesting information regarding the crime and because appellant had failed to inform his counsel that the missing witness was an eye-witness until the morning of his trial. The trial court denied appellant's motion.

Immediately after the denial of his motion for a continuance, appellant rose from his seat and attempted to leave the courtroom. After three officers restrained him, appellant became "vocal, loud, and disruptive." The trial court warned appellant three times to stop his disruptive behavior. When

-2-

appellant persisted in his disruptive conduct, the trial court became concerned for the safety of the others in the cramped courtroom and ordered appellant removed from the courtroom. The trial court then allowed appellant's counsel to speak with appellant in order to inform him that he would be allowed back into the courtroom on the condition that he cease his disruptive behavior. Appellant's counsel returned and stated to the trial court that she had explained to appellant the conditions of his return to the courtroom and that he risked forfeiting his right to be present at his trial. She also stated that appellant wished not to return and remained in the prison van.

Appellant remained in the van during his trial. Upon request by the trial court, appellant's counsel spoke with him at the conclusion of the Commonwealth's evidence, informed him of its content and advised him again that he could return to the courtroom on the condition of good behavior. Appellant again refused to return to the courtroom and the remainder of the trial was conducted outside of his presence.

The evidence introduced at trial was limited to two witnesses offered by the Commonwealth. The inmate-victim of appellant's attack testified that appellant approached him twice during the recreation period on December 25 and asked him a question. After the inmate answered the question a second time and was walking away, appellant swung at the inmate and stabbed him several times with a makeshift knife. The inmate, who was

unarmed, then ran from appellant as appellant started chasing him throughout the prison recreation area. The altercation ended when a prison guard opened a door through which the inmate fled and when another inmate intervened to stop appellant. A correctional officer who witnessed the incident testified that he also saw appellant chasing the inmate and stabbing him several times as the inmate tried to flee.

At the conclusion of the evidence, appellant's attorney proposed a jury instruction on the lesser included charge of unlawful wounding that the trial court refused. Instead, the trial court instructed the jury on the crime of malicious wounding and included an explanation of the element of malice. The jury returned a verdict of guilty.

## II.

### DENIAL OF MOTION FOR A CONTINUANCE

Appellant contends that the trial court abused its discretion when it denied his motion for a continuance at the beginning of his trial. We disagree.

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of the trial court, and its ruling will not be reversed on appeal unless it is plainly wrong." Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994), cert. denied, ___ U.S. ___, 115 S. Ct. 1826, 131 L.E.2d 747 (1995). An appellant challenging a denial of a continuance must show both an abuse of discretion and

-4-

prejudice.  Id.  The prejudice allegedly resulting from the denial of a continuance cannot be based on mere speculation and must appear from the record.  Id.; Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 510 (1990).  Specifically, the content of a witness' expected testimony must be set forth in the trial record by either "(1) a unilateral avowal of counsel, if unchallenged; (2) a mutual stipulation of the parties; or (3) the taking of testimony of the witness outside the presence of the jury."  Lowery, 9 Va. App. at 307, 387 S.E.2d at 510.

We hold that the denial of appellant's motion for a continuance was not improper.  Even assuming that the trial court's denial of the motion was an abuse of discretion, appellant has failed to show any prejudice.  Although appellant's counsel stated that the missing witness was "material," there was no proffer of the witness' expected testimony, either unilaterally or by stipulation.  Thus, whether or not appellant was prejudiced by the denial of his motion for a continuance is a matter of speculation because we cannot determine whether the missing witness' testimony would have been in appellant's favor.  Id. at 307-08, S.E.2d at 510; Stewart v. Commonwealth, 10 Va. App. 563, 569, 394 S.E.2d 509, 513 (1990).  Nor can we say that appellant was denied the opportunity to fully investigate the evidence in preparation for trial.  Appellant had several months to inform his counsel of the material nature of the missing witness to ensure that his counsel would subpoena the witness to

appear at trial.

III.

REMOVAL FROM THE COURTROOM

Although a person accused of a crime in Virginia has both a constitutional and statutory right to be present at his own trial,[1] this right is not absolute. Martin v. Commonwealth, 11 Va. App. 397, 405, 399 S.E.2d 623, 627 (1990) (citing Illinois v. Allen, 397 U.S. 337, 342-43, 90 S. Ct. 1057, 1060-61, 25 L.Ed.2d 353 (1970), reh. denied, 398 U.S. 915, 90 S. Ct. 1684, 26 L.E.2d 80 (1970)). An accused forfeits his right to be present at his trial "if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." Quintana v. Commonwealth, 224 Va. 127, 144, 295 S.E.2d 643, 651 (1982), cert. denied, 460 U.S. 1029, 103 S. Ct. 1280, 75 L.E.2d 501 (1983), reh. denied, 461 U.S. 940, 103 S. Ct. 2113, 77 L.E.2d 316 (1983) (quoting Allen, 397 U.S. at 343, 90 S. Ct. at 1060).

Appellant does not contend that the trial court lacked the power to remove him from the courtroom for contumacious behavior. Martin, 11 Va. App. at 405-06, 399 S.E.2d at 627 (quoting Allen, 397 U.S. at 343-44, 90 S. Ct. at 1061) (stating that it is constitutionally permissible for a trial judge to remove an

_____

[1]U.S. Const. amend. VI; Va. Const. art. I, § 8; Code § 19.2-259 (stating that "a person tried for felony shall be personally present during the trial").

obstreperous defendant from the courtroom until he promises to behave properly). Instead, appellant argues that his behavior was not so disorderly, disruptive, and disrespectful to warrant his removal from the courtroom. We disagree.

"The conduct of a trial and the imposition of measures necessary to ensure security and maintain decorum is left to the sound discretion of the trial court," Martin, 11 Va. App. at 405, 399 S.E.2d at 627, and its rulings and orders will not be reversed on appeal unless plainly wrong. When removing a defendant from the courtroom or taking other measures, the trial court must make a record of the reasons for the choice of measures taken to ensure that a reviewing court may determine whether the trial court abused its discretion. Id. at 406, S.E.2d at 628.

In this case, it does not appear that the trial court was plainly wrong to remove appellant from the courtroom. The trial court described appellant's conduct in the record it made explaining the reasons for ordering his removal. It appears from the record that appellant's behavior "was disorderly, disruptive, disrespectful, and persistently contumacious in the face of repeated warnings" and that his removal was even more warranted by the cramped conditions in the courtroom. Quintana, 224 Va. at 144, 295 S.E.2d at 652 (holding that trial court did not abuse discretion when it removed defendant following warnings that he cease verbally interrupting the proceedings). We hold that the

trial court did not abuse its discretion in removing appellant from the courtroom during his trial.

## IV.

### REFUSAL TO GIVE JURY INSTRUCTION

Appellant also contends that the trial court committed reversible error when it refused his request to instruct the jury on the lesser included offense of unlawful wounding.  We disagree.

"If there is any evidence that would support a conviction for the lesser included offense, the trial court, must, upon request of counsel, instruct the jury as to the lesser included offense.  An instruction, however, must be based on more than a scintilla of evidence."  Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987) (citations omitted).

We are unable to find any evidence in the record that supports appellant's theory that he attacked the victim-inmate without malice and in the heat of passion.  The only evidence offered at trial concerning the attack was that appellant attacked the inmate with a makeshift knife after the inmate responded to a question.  There is no evidence concerning any prior conflict between appellant and the inmate nor any evidence indicating that the inmate provoked either fear or rage in appellant that prompted the attack.  Instead, the uncontroverted testimony of the inmate was that he was unarmed and did not retaliate after the appellant stabbed him.  See id. at 26, S.E.2d

at 843 (holding that trial court should have given instruction on unlawful wounding where evidence showed that victim provoked a fight with the defendant minutes before defendant shot him). Because there is no evidence that appellant attacked the inmate "upon a reasonable provocation, in the heat of passion," <u>id.</u>, we hold that the trial court did not err in refusing to instruct the jury on the offense of unlawful wounding.

In light of the foregoing reasons, we affirm the conviction of malicious wounding.

<u>Affirmed</u>.