COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia

VERNICE F. EVANS

MEMORANDUM OPINION[*] BY
v.          Record No. 0771-96-4          JUDGE JERE M. H. WILLIS, JR.
                                          FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Quinlan H. Hancock, Judge

Ann H. Potter, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


On appeal from her convictions of obtaining money in excess of $200 by false pretenses, Vernice Evans contends that the trial court erred (1) in refusing to grant her a recess to procure civilian clothing, (2) in refusing to admit into evidence the tax records of a prosecution witness, and (3) in admitting into evidence the tuition payment records of a private school. We find no error and affirm the judgments of the trial court.

Louise Hart owned and operated an antiques business in Fairfax County. Ms. Hart testified that in the fall of 1982, Evans approached her about purchasing goods comprising an estate in Philadelphia, Pennsylvania, and, in 1989, approached her about purchasing goods comprising an estate in Reiserstown, Maryland.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Ms. Hart stated that she made numerous payments to Evans for the purchase of the estates, writing her checks made payable to cash and paying her thousands of dollars at a time in cash.

Investigator Athing testified that at his request Ms. Hart arranged a meeting in September of 1992 to transfer money to Evans. When Evans and Ms. Hart met in a car in a mall parking lot, Athing approached and asked Evans to step from the vehicle. Athing stated that Evans denied any knowledge of purchasing estates for Ms. Hart's antiques business. Evans told Athing that Ms. Hart wanted to give her money to purchase food for her family, and that Ms. Hart often gave her hams and turkeys. At trial, Evans testified that she neither told Ms. Hart about any estates, nor received money from Ms. Hart for the purchase of any estates.

## I.

At the commencement of trial, defense counsel asked the court for a thirty minute recess so that Evans' family members could purchase civilian clothing for her to wear at the jury trial. The trial court advised counsel that Evans had signed a document acknowledging that civilian clothing was available and stating that she did not want to wear civilian clothing. Defense counsel told the court that Evans' civilian clothing was "mildewed and smells"; thus, she had chosen not to wear it. The trial court ruled that if Evans wanted to wear the civilian clothes she had at the jail, he would continue the matter long

- 2 -

enough for her to change her clothes.  The trial court stated

further that: "I am familiar with the shopping area, if you will,

immediately adjacent to the area where this Courthouse is

situated and I don't know of any clothing store where they're

going to be able to purchase clothes for her within thirty

minutes."  Evans elected to wear jail issue clothing.

We note at the outset that this is not a question concerning

the state's requiring a criminal defendant to stand trial before

a jury in prison attire.  See Estelle v. Williams, 425 U.S. 501,

512 (1976).  The trial court stated that it would permit Evans to

change into available civilian clothing.  It merely denied her

request for a recess so that her family could shop for, and

purchase, additional clothing for her.

The record contains no description of the jail issue

clothing worn by Evans at trial.  Thus, we are unable to

determine whether the clothing had characteristics identifying it

as prison attire or whether it had characteristics such that

Evans' appearance while wearing it would in any way prejudice her

defense.

The decision to grant or deny a recess lies within the sound

discretion of the trial court, and will not be reversed on

appeal, absent a showing of both prejudice and an abuse of

discretion.  Lowery v. Commonwealth, 9 Va. App. 304, 306-07, 387

S.E.2d 508, 509 (1990).  Given its knowledge of the surrounding

merchant districts, the trial court found that it would be

impossible for Evans' family to secure additional clothing within the requested thirty minutes. Defense counsel did not dispute the trial court's conclusion, asserting only that "[T]here is . . . the possibility, the likelihood that since there are a number of stores close by that the family could get her something within a half hour . . . ."

Moreover, after having indicated her desire to wear jail attire, Evans failed to request a recess to purchase civilian clothing until the commencement of her trial. Her failure to move timely for the opportunity to acquire other clothing militates strongly in favor of the trial court's decision. Thus, under the circumstances, we cannot say that the trial court abused its discretion.[1]

On appeal, Evans argues also that the trial court's denial of the requested recess amounted to violations of due process, equal protection and the presumption of innocence. We will not consider these arguments on appeal, because they were not made to the trial court. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

II.

Evans next contends that the trial court erred in refusing to admit into evidence the 1990, 1991 and 1992 federal income tax

---

[1]Because we find that the trial court did not abuse its discretion, we do not address whether Evans showed prejudice. Lowery v. Commonwealth, 9 Va. App. 304, 306-07, 387 S.E.2d 508, 509 (1990).

returns of Ms. Hart, the prosecution's chief witness. During cross-examination of Ms. Hart, defense counsel introduced, for purposes of identification, copies of Ms. Hart's 1990, 1991 and 1992 income tax returns. These were marked for identification as Defendant's Exhibit Nos. 3, 4 and 5. The following dialogue occurred at the time that the exhibits were marked for purposes of identification:

[Defense Counsel]: Before I forget, let me just ask you if you can identify these tax returns . . .

\* \* \* \* \* \* \*

[Defense Counsel]: May we have [Hart's 1990 income tax return] marked as Exhibit 3? I've got a copy. We could use the original, but if we don't have any objection to the copy?

[Commonwealth]: I may have an objection to this, Your Honor, as to why it's relevant.

[Defense Counsel]: I'll show that it's relevant later.

The Court: Well, all he's asked at this point is to have it marked; isn't that right?

[Defense Counsel]: That's correct.

After the exhibits were properly marked, defense counsel did not further cross-examine Ms. Hart concerning her tax returns or the information contained therein.

After the Commonwealth completed its case-in-chief, defense counsel sought the admission of the tax returns into evidence to show a possible bias or motive for Ms. Hart to testify falsely.

Counsel argued that Ms. Hart might fear prosecution for underreporting her income and that the lack of itemized business deductions on her tax returns relating to payments made on the estates contradicted her testimony that she made payments to Evans. After hearing the representations of counsel, the trial court denied the motion. It ruled that the tax returns were not admissible under the circumstances and noted additionally that a prior discovery order requesting Ms. Hart's tax records had been denied.

A party offering evidence must show its relevance and must lay a foundation for its introduction into evidence. Lucas v. HCMF Corp., 238 Va. 446, 451, 384 S.E.2d 92, 95 (1989). Despite defense counsel's identification of the returns and independent assertions as to the relevance of the tax returns, the record is devoid of any attempt to lay a foundation for the introduction of the tax returns into evidence. While reliance solely upon the earlier discovery order would not support the trial court's decision to deny the admission of the tax records, the record at the time of the ruling supports the decision to reject the records into evidence.

On appeal, Evans contends also that the trial court's refusal to admit Ms. Hart's tax records violated her right to confront and cross-examine her accuser in derogation of the Sixth Amendment to the United States Constitution and Article I, § 8 of the Virginia Constitution. Evans did not raise these issues at

trial. She is barred from asserting them for the first time on appeal. Rule 5A:18.

### III.

Evans asserts that the trial court erred in allowing the Commonwealth to introduce evidence showing that Evans sent three children to a private school between 1989 and 1992, that the tuition bills for the three year period exceeded $19,000, and that almost all of the tuition payments were made in cash. Evans asserts that this evidence was both immaterial and irrelevant.

"'[E]very fact, however remote or insignificant, that tends to establish a probability or improbability of a fact in issue is admissible.' Of course, the weight to be given such circumstantial evidence is an issue for the jury." Cheng v. Commonwealth, 240 Va. 26, 39, 393 S.E.2d 599, 606 (1990) (citation omitted).

"A trial judge's ruling on the admissibility of evidence 'will not be disturbed on appeal in the absence of an abuse of discretion.'" Hunter v. Commonwealth, 15 Va. App. 717, 724, 427 S.E.2d 197, 202 (1993) (citation omitted).

The school tuition payment records were relevant circumstantial evidence showing a pattern of large cash payments being made at the same time that Ms. Hart was transferring large amounts of cash to Evans, and impeaching Evans' credibility by contradicting her statements to Investigator Athing that she needed money to purchase food. The weight of this evidence was

for the jury to determine.  Accordingly, the trial court did not abuse its discretion in admitting the tuition records.

The judgments of the trial court are affirmed.

<u>Affirmed.</u>