COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


CARL RAY JACKSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0459-07-4                      JUDGE JEAN HARRISON CLEMENTS
                                                    FEBRUARY 19, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
James F. Almand, Judge

Jason S. Rucker (Rucker & Rucker, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Carl Ray Jackson (appellant) was convicted in a jury trial of possession of cocaine, in

violation of Code § 18.2-250, and willful failure to appear for trial, in violation of Code

§ 19.2-128(B).  On appeal, appellant contends the trial court erred in denying his motion to sever

the charges for separate trials.  Finding that each argument he makes is procedurally barred, we

affirm appellant's convictions.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

Appellant was indicted on August 15, 2005, for having possessed cocaine on or about

July 9, 2005.  Trial on that felony charge was scheduled for January 11, 2006, and on March 20,

2006, appellant was indicted for failing to appear for his January 11, 2006 trial.  At a hearing on

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

September 7, 2006, appellant moved, "pursuant to Rule 3A:6," to sever the charges for separate trials. Appellant pointed out that the indictments were "six months apart," but advanced no argument based on that interval. Appellant speculated that his defense to the willful failure to appear charge might include evidence of his having been hospitalized or incarcerated, and asserted that such evidence was potentially prejudicial with respect to the jury's verdict on the possession charge. In response to the trial court's query, the Commonwealth "dispute[d] the proffer that [appellant] was in jail on the date" he failed to appear. Appellant continued, complaining that a single trial on both charges—wherein he would presumably testify on his own behalf as to why he failed to appear—would unfairly necessitate a waiver of his constitutional right not to testify with respect the possession charge. The trial court denied the motion over appellant's objection.

Trial commenced on October 26, 2006. Appellant chose not to testify, and made no attempt to proffer the substance of his evidence for the record. Appellant was convicted as charged, and this appeal followed.

On appeal, appellant argues that the failure to appear charge and the possession charge are neither "based on the same transaction" nor part of a "common scheme or plan." However, though appellant noted before the trial court the dates of the respective indictments, the particular argument he makes here was not made below. Pursuant to Rule 5A:18, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) (citations omitted); see also Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) ("[The objection] must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it."). While there are exceptions to

the waiver provisions of Rule 5A:18, appellant does not ask us to apply them, and we will not consider the issue *sua sponte*. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448. Appellant's argument is therefore defaulted.

Appellant also contends that "the two charges do not meet the requirements of Rule 3A:10(c) because justice requires separate trials." See Long v. Commonwealth, 20 Va. App. 223, 226, 456 S.E.2d 138, 139 (1995) ("Justice often requires separate trials where highly prejudicial evidence of one of the crimes is not admissible in the trial of the other."). The arguments he makes to support his contention rely entirely upon the assumption that the testimony he would have given represents exculpatory evidence on the failure to appear charge. He argues that if such testimony were at the same time highly prejudicial with respect to the possession charge, justice would require separation, and also that he should not have been "required" to waive his right not to testify on one charge in order possibly to exculpate himself on the other. However, we cannot consider these arguments because appellant has not preserved a complete and proper record for our review. "To establish a proper record for appeal, the content of a witness' expected testimony may be set forth in the trial record by: (1) a unilateral avowal of counsel, if unchallenged; (2) a mutual stipulation of the parties; or (3) the taking of testimony of the witness outside the presence of the jury." Lowery v. Commonwealth, 9 Va. App. 304, 307-08, 387 S.E.2d 508, 510 (1990). Appellant having failed to obtain either the acquiescence of the Commonwealth with respect to his proffer or a stipulation of his evidence, it was incumbent upon him to make a record of his testimony. See id. at 308, 387 S.E.2d at 510. Since he did not, the record he presents is incomplete, and we are unable to review the issues raised. Id.

Finding each appellate argument procedurally barred, we affirm appellant's convictions.

Affirmed.