COURT OF APPEALS OF VIRGINIA

Present:  Judges Huff, Malveaux and Senior Judge Annunziata
Argued by videoconference


FRED FAROUQ FALAH

                                                          MEMORANDUM OPINION* BY
v.        Record No. 1415-20-4                            JUDGE GLEN A. HUFF
                                                          JULY 6, 2021
NASIMA FALAH


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Elizabeth Jean Lancaster (Whitbeck Bennett, PLLC, on brief), for
appellant.

Daniel B. Schy (Curran Moher Weis, PC, on brief), for appellee.


Nasima Falah ("wife") obtained a divorce from Fred Farouq Falah ("husband") on

grounds of willful desertion in the Circuit Court for Loudoun County (the "trial court").  Prior to

the trial court's granting of that relief, the case had been continued three times—twice on

husband's motion and once on the trial court's own motion.  On the day trial took place, husband

had technical difficulties when attempting to join the trial through an online videoconferencing

service.  Although he was able to observe the proceedings, those participating in the trial were

unable to see or hear him.  Husband's technical difficulties prompted husband's trial counsel to

move for another continuance, but the trial court denied the motion and proceeded to trial.

Husband now challenges the trial court's denial of his motion to continue on appeal,

arguing that the trial court's ruling was an abuse of discretion and a violation of his constitutional

right to due process and to call for evidence in his favor.  Because husband's constitutional

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

arguments are procedurally defaulted under Rule 5A:18, this Court does not consider them. And even assuming without deciding that the trial court's denial of husband's motion to continue was otherwise an abuse of discretion, this Court nonetheless affirms because husband has not made any showing of prejudice resulting from the trial court's ruling.

## I. BACKGROUND

On appeal, this Court views the evidence in the light most favorable to wife, the prevailing party below, and does not "retry the facts or substitute [its] view of the facts for [that] of the trial court." Congdon v. Congdon, 40 Va. App. 255, 266 (2003) (internal citations and quotation marks omitted). Viewed through this lens, the evidence shows the following:

On April 12, 2018, wife filed a complaint for divorce on the grounds that she and husband had lived separate and apart for twelve months or more; in the alternative, she alleged grounds of willful desertion. Husband filed a counterclaim for divorce on May 14, 2018, on the grounds that he and wife had lived separate and apart for twelve months or more and on alternative grounds that wife had actually or constructively deserted the marriage.

The trial court initially set a trial covering issues of divorce, spousal support, and equitable distribution for July 17, 2019. Husband filed a motion to continue on May 16, 2019, citing an inability to resolve discovery matters prior to trial due to a change in trial counsel. The trial court granted husband's motion and rescheduled the trial for March 19, 2020. On February 3, 2020, husband filed a second motion to continue, noting that the parties had agreed a continuance was appropriate given another change in husband's trial counsel. The trial court granted that motion as well and rescheduled trial for April 23, 2020.

During the early stages of the COVID-19 pandemic, the trial court continued the matter *sua sponte* and rescheduled trial for November 2, 2020. At the pretrial scheduling conference which took place on October 13, 2020, husband moved to continue the matter again, arguing in

part that there was some concern that husband would have technical difficulties if the parties were required to participate in trial through a virtual medium. For reasons not apparent from the record, the trial court denied that motion to continue.[1]

At trial, conducted through the online videoconferencing service WebEx, husband experienced technical difficulties. Although husband was able to see the courtroom on his computer screen, neither the trial court nor counsel could see or hear him. Subsequent attempts to fix the issue proved unsuccessful, which prompted husband's counsel to move to continue the case. Husband's counsel did not make any constitutional arguments in that motion and instead reasserted the arguments made in support of the motion that had been made at the pretrial conference. Wife's counsel objected, arguing that a continuance was inappropriate given the numerous delays that had already occurred and given the uncontested evidence that husband was approximately $9,000 in arrears for court-ordered *pendente lite* support.

The trial court ultimately denied husband's motion, and the matter proceeded to trial. Both parties stipulated to the admission of each other's exhibits, and husband's trial counsel made no proffer as to what testimony, if any, husband would have given had he been able to fully connect to the proceedings online. At the conclusion of trial, the trial court found that husband willfully deserted the marriage and granted wife a divorce on those grounds. On November 20, 2020, the trial court entered a written order memorializing its prior divorce ruling, as well as its other rulings related to spousal support, equitable distribution, and attorney's fees. On the same day, husband noted his objections on the written divorce decree, raising a due process objection for the first time. Husband also simultaneously filed a motion to stay entry of the trial court's written divorce decree based on his due process argument, and on December 2, 2020, he filed a memorandum in support of the motion. In that memorandum, husband did not

---

[1] Husband does not challenge that ruling in this appeal.

make any reference to the constitutional right to call for evidence in his favor, but argued that by proceeding to trial after denying his motion to continue, the trial court violated his due process rights by depriving him a reasonable opportunity to be heard. The record is silent, however, on whether husband obtained a ruling from the trial court on his motion to stay.

This appeal followed.

## II. ANALYSIS

### A. Husband's Due Process Argument is Waived

Husband contends that the trial court's denial of his motion to continue and its holding of a trial without him visibly present violated his constitutional right to due process by effectively denying him the opportunity to be heard.[2] But husband did not make any due process claim contemporaneously with his motion for a continuance of the trial. Although he did attach a due process objection to the final divorce decree and filed a motion to stay entry of the decree on those grounds, it does not appear from the record that the trial court ruled on husband's motion. As such, "'there is no ruling for [this Court] to review' on appeal, and [husband's] argument is waived under Rule 5A:18." Williams v. Commonwealth, 57 Va. App. 341, 347 (2010) (quoting Fisher v. Commonwealth, 16 Va. App. 447, 454 (1993)).

---

[2] As noted, husband also asserts that the denial of his motion to continue violated his right to "call for evidence in his favor" under Article 1, Section 8 of the Virginia Constitution. This contention lacks merit. For one thing, husband presented no argument at any stage in the trial proceedings related to the constitutional right to call for evidence in his favor, which bars him from presenting any such argument to this Court. See Rule 5A:18. For another, even assuming husband's argument on that issue were properly before this Court, the constitutional right "to call for evidence" in one's favor is a right afforded to criminal defendants, not civil litigants. Va. Const. art. 1, § 8 ([I]n *criminal prosecutions* a man hath a right . . . to call for evidence in his favor[.]" (emphasis added)). Of course, that is not to say civil litigants have no "right" to put forward favorable evidence at trial. It is simply an acknowledgement that the constitutional right cited by husband is one textually designated to criminal defendants that provides protections beyond the basic due process rights afforded to all litigants. Cf. Massey v. Commonwealth, 230 Va. 436, 442 (1985) (noting that the right to call for evidence in one's favor "is designed to ensure that the defendant in a criminal case will not be unduly shackled in his effort to develop his best defense").

Notwithstanding husband's failure to obtain a ruling on his due process argument in the trial court, he asks this Court to consider his argument pursuant to the "ends of justice" exception of Rule 5A:18. This Court declines to do so.

"The ends of justice exception is narrow and is to be used sparingly, and applies only in the extraordinary situation where a miscarriage of justice has occurred." Holt v. Commonwealth, 66 Va. App. 199, 210 (2016) (internal citations and quotation marks omitted). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." Brittle v. Commonwealth, 54 Va. App. 505, 514 (2009).

To meet that burden, an appellant must show that "the error clearly had an effect upon the outcome of the case." Brown v. Commonwealth, 8 Va. App. 126, 131 (1989). In other words, the party relying on the ends of justice exception "must affirmatively show that a miscarriage of justice *has* occurred, not that a miscarriage of justice *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221 (1997) (emphasis added) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436 (1987)). "These principles govern [this Court's] application of the 'ends of justice' exception in all claims on appeal, *including those based on due process grounds*."[3] M. Morgan Cherry & Assocs., Ltd. v. Cherry, 37 Va. App. 329, 340-41 (2002) (emphasis added) (citations omitted).

---

[3] Husband correctly notes that this Court stated in Herring v. Herring, 33 Va. App. 281, 287 (2000), that "some procedures are so crucial that a court's failure to adhere to them constitutes error that is clear, substantial and material even in the absence of affirmative proof of error in the *result*." But the Herring Court expressly limited its pronouncement to the specific facts before it:

> To make clear our holding, we note that our application of the ends
> of justice exception in this case, as set out in the text, applies only
> to the court's failure in child support cases to expressly calculate
> the guideline amount or to make the written findings required to
> justify its deviation from that amount.

Here, husband has not affirmatively demonstrated that the trial court's denial of his motion to continue "clearly had an effect upon the outcome of the case." See Brown, 8 Va. App. at 131. He points to no evidence in the record that shows that his partial absence from the proceedings *did* materially change the outcome of the case. Instead, he merely alleges that had the trial court granted his motion to continue, such a continuance "may have materially changed" the trial court's rulings on divorce grounds, spousal support, and attorney's fees.

But an allegation that a miscarriage of justice "might have occurred" is categorically insufficient to successfully invoke the ends of justice exception. Redman, 25 Va. App. at 221 (citing Mounce, 4 Va. App. at 436). Absent sufficient evidence affirmatively demonstrating that a grave injustice resulted from husband's partial absence from trial, this Court "can only speculate" as to what effect, if any, it had on the trial court's rulings on divorce, spousal support, and attorney's fees. See Cherry, 37 Va. App. at 341-42. Given husband's failure to meet his burden to show that the trial court's alleged error clearly had an effect on the outcome of the case, this Court holds that the ends of justice exception does not apply and must "presume the trial court to be correct" in its decision. Id. at 342. Consequently, this Court does not consider the merits of husband's due process arguments in this appeal.

---

Id. at 287 n.2. And Cherry—decided after Herring—made clear that the ordinary requirement under an ends of justice analysis that an appellant show an error had an effect on the *outcome* of a case applies to due process claims. 37 Va. App. at 340-41. Given Herring's express limitation and because Cherry is binding authority under the interpanel accord doctrine, this Court applies the ordinary standards governing application of the ends of justice exception here. Sandoval v. Commonwealth, 64 Va. App. 398, 419 (2015) ("Under [the interpanel accord] doctrine, a decision from a panel of this Court 'cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court.'" (quoting Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73 (2003))).

### B. Husband Has Not Shown that the Trial Court's Denial of his Motion to Continue Resulted in Prejudice to Him

#### 1. Standard of Review

"The decision to grant [or deny] a motion for a continuance is within the sound discretion of the [trial] court and must be considered in view of the circumstances unique to each case." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34 (2007). Accordingly, "[a] trial judge's denial of a continuance will not be reversed on appeal absent an abuse of discretion and prejudice to the defendant." Reyes v. Commonwealth, 68 Va. App. 379, 385 (2018) (citing Lowery v. Commonwealth, 9 Va. App. 304, 307 (1990)).

#### 2. Prejudice

Husband contends the trial court abused its discretion in denying his motion to continue. In support, he claims that (1) there was no evidence showing the request for a continuance was spurious or made with intent to cause delay, (2) the trial court "deemed the speed of the result was more important that [sic] the justice of the result," and (3) the Virginia Supreme Court's "Fourth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency made it clear that continuances were to be granted liberally for any cause resulting from the impact of the ongoing COVID 19-crisis." Even assuming without deciding that husband is correct in arguing that the trial court's denial of his motion to continue was erroneous, this Court nonetheless holds that any assumed error is not reversible because husband made no showing that the trial court's decision resulted in prejudice to him. See Commonwealth v. Swann, 290 Va. 194, 196 (2015) ("The doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available." (internal citation and quotation marks omitted)); Nunez v. Commonwealth, 66 Va. App. 152, 157 (2016) (emphasizing that "judicial restraint" counsels this Court to assume legal principles without deciding them).

When a party argues on appeal that a trial court erred in denying a motion to continue, this Court applies a "two-pronged test" asking whether "the court abused its discretion" *and* whether the party "was prejudiced by the court's decision." Bolden v. Commonwealth, 49 Va. App. 285, 290 (2007) (quoting Lebedun v. Commonwealth, 27 Va. App. 697, 712-13 (1998)). "The absence of one renders inconsequential the presence of the other." Id. (citing Lowery, 9 Va. App. at 307). As such, this Court "cannot reverse if the defendant 'has shown no prejudice resulting from what he claims was an abuse of discretion' in granting a continuance motion." Id. (quoting Quintana v. Commonwealth, 224 Va. 127, 135 (1982)). And "[p]rejudice . . . may not be presumed; it must appear from the record." Lowery, 9 Va. App. at 307 (citing Bradley v. Poole, 187 Va. 432, 433 (1948)).

Here, husband does not merely fail to provide a sufficient basis from which this Court may determine if prejudice occurred, he provides *no* evidence or argument regarding the prejudice prong of this Court's two-part test.[4] Accordingly, he cannot satisfy both requirements

---

[4] Husband does argue in the due process argument of his brief (which, as noted, is waived) that "prejudice clearly occurred by the Trial Court's improper valuation of marital assets, calculation of spousal support, and the award of attorney's fees to [wife]." Even assuming that lone statement could be imputed to his alternative abuse of discretion argument, it would be insufficient to demonstrate reversible error. By making a conclusory statement as to the effects the trial court's denial of his motion to continue had on the case, husband's argument fails to appreciate the distinction between claims and evidence. In a word, while it is one thing to claim that the trial court's denial of his continuance motion affected its future rulings in the case, it is another thing entirely to *prove* as much. See Quintana, 224 Va. at 135 (stating that appellate courts "will affirm the trial court's ruling" where an appellant has not "*shown*" prejudice resulted from an abuse of discretion (emphasis added)). The crucial distinction between claims and evidence is particularly relevant here, because (1) both parties stipulated to the entry of each other's exhibits at the outset of trial, (2) husband was represented by counsel at trial, who was presumably more than capable of presenting additional evidence in support of husband's counterclaim and equitable distribution calculations, (3) even if husband's trial counsel was incapable of doing so, husband made no proffer in the trial proceedings or before this Court as to *what* his evidence in support of his counterclaim and equitable distribution calculations would have been had he been able to fully participate in the proceedings, and (4) relatedly, husband never proffered that he intended to testify on his behalf and was not listed as a witness on the witness list submitted to the trial court.

of this Court's test to determine whether a trial court's denial of a motion to continue was reversible error. This Court therefore affirms the trial court's denial of his motion to continue.

## C. Appellate Attorney's Fees

Wife seeks an award of appellate attorney's fees. On appeal, this Court "may award" some or all of the fees requested or "remand the issue to the circuit court . . . for a determination thereof." Rule 5A:30(b)(1)-(2). "In determining whether to make such an award, [this Court] shall not be limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but shall consider all the equities of the case." Rule 5A:30(b)(3). Because there does not appear to be any equitable basis to require husband to bear wife's fees, this Court rejects wife's request for appellate attorney's fees.

## III. CONCLUSION

This Court does not consider husband's constitutional arguments regarding the trial court's denial of his motion to continue because those arguments are barred under Rule 5A:18, and the ends of justice exception to the rule is inapposite. Additionally, even assuming without deciding that the trial court abused its discretion in denying husband's motion to continue, this Court affirms the trial court's denial because husband has made no showing of prejudice resulting from the trial court's ruling.

<u>Affirmed.</u>