COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


GARY DALE LONDON

v.        Record No. 1224-05-3

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE WALTER S. FELTON, JR.
DECEMBER 28, 2006


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

J. Patterson Rogers, 3rd for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on briefs), for appellee.


Gary Dale London ("appellant") appeals his convictions of robbery in violation of Code

§ 18.2-58; use of a firearm in the commission of robbery in violation of Code § 18.2-53.1;

assault and battery of a police officer in violation of Code § 18.2-57(C); attempt to disarm a law

enforcement officer in violation of Code §§ 18.2-57.02 and 18.2-26; and grand larceny in

violation of Code § 18.2-95.  He contends that the trial court abused its discretion and violated

his Sixth Amendment right to counsel when it refused to allow him to be represented by his

retained counsel of choice, and abused its discretion when it denied his requests for continuance

to permit his retained counsel a reasonable time to prepare for trial.  He also argues that the trial

court abused its discretion in denying his court-appointed attorney's request for a continuance on

the day of trial.  For the reasons that follow, we reverse.

BACKGROUND

In November 2004, appellant was charged with robbery of a convenience store and other

offenses related to that incident.  Following the court's determination of appellant's indigency,

Public Defender Joseph Schenk was appointed to represent him. In January 2005, a grand jury also indicted appellant for grand larceny of an unrelated theft of a utility trailer. Schenk was also appointed to represent appellant in that matter. Appellant made known to Schenk that he was going to retain John P. Light, an attorney who had previously represented him, to represent him on all of the matters and that his mother was raising funds to retain Light.

On January 20, 2005, Schenk represented appellant at the preliminary hearing on the robbery-related charges. Light was present in the courtroom during the preliminary hearing because appellant's family had contacted him and expressed a desire to retain him. He tape-recorded, but did not otherwise participate, in that proceeding. Following the preliminary hearing, appellant continued to insist to Schenk that Light would represent him at trial. Subsequently, the trial court granted Schenk's motion for a mental health evaluation of appellant to determine his sanity at the time of events leading to his arrest, and his competency to stand trial. On March 1, 2005, in order to permit time for the evaluation, the trial court set a trial date of March 30, 2005 on all charges pending against appellant. On March 3, 2005, Dr. Dana Blackmer, a clinical psychologist appointed by the trial court to evaluate appellant, found him sane and competent to stand trial.

On March 14, 2005, sixteen days before the scheduled trial date, appellant's mother employed Light to represent appellant.[1] Four days later, Light filed a motion to be substituted as appellant's counsel and requested a continuance to allow him adequate time to prepare. Five days prior to the scheduled trial date, at the hearing on the motions for substitution of counsel and the continuance, Mark Williams, Light's law partner, informed the trial court that appellant had retained Light but that Light was then on vacation in Canada and would not return until the

---

[1] The receipt provided to appellant's mother at the time of payment stated that Light's representation was "contingent on continuance of 3/30/05 case."

following week. Williams presented an order, endorsed by Schenk, to substitute Light as counsel and to grant a continuance to permit Light a reasonable time to prepare for trial. Appellant had not previously requested any continuance of the scheduled trial date.

Williams also informed the trial court that Light had been provided with new information by appellant's family relevant to appellant's mental health evaluation. He advised the trial court that the information he received related to Dr. Blackmer's evaluation of appellant, and had not been given to Schenk nor reviewed by Dr. Blackmer.

The Commonwealth's attorney opposed the continuance, advising the trial court it had three "very important" witnesses traveling from great distances, including two from out-of-state, and that "it would really inconvenience the Commonwealth if [it] had to continue the case." The trial court denied appellant's motion for a continuance and the motion to substitute Light as appellant's counsel, noting that it had previously set appellant's trial date late in the term to accommodate appellant's mental health evaluation.

Two days before the scheduled trial, Light discussed his representation of appellant with the Commonwealth's attorney and the need to have the trial date continued to permit him time to prepare the defense. The day before the scheduled trial, Light informed the Commonwealth's attorney that he would not "get in the case," the trial court having denied his request for a continuance.

On the March 30, 2005 trial date, appellant appeared for trial with Schenk as counsel. Schenk confirmed to the trial court his "understanding [was] that because of the ruling on the 25th [denying the continuance], Mr. Light opted to not get involved in the case." Schenk then moved for a continuance, informing the trial court that appellant continued to want Light to represent him, that he had not been given the names of witnesses that appellant wanted to testify, and that he was not prepared for trial. The trial court denied the motion and proceeded to trial,

trying the robbery-related indictments first, after making arrangements for appellant's requested witnesses to be present. Appellant was found guilty on all but one of the robbery-related indictments.

Trial on the indictment for grand larceny also commenced on March 30, 2005. In the colloquy with the trial court at the beginning of trial, appellant told the trial court that he was not aware that the grand larceny direct indictment was also going to be tried on that date and that he had witnesses that he wanted to be present to testify for him. Schenk told the trial court that he was not certain that he advised appellant that the grand larceny charge was to be tried on March 30, 2005. The trial court then began the trial, allowing the Commonwealth to put on its witnesses, and permitting the defense to put on its case at a later date. As the trial progressed into the evening, the Commonwealth did not complete its case. The trial was continued to April 6, 2005 to permit the Commonwealth to complete presentation of its case, to permit Dr. Blackmer to review the additional mental health information, and to allow appellant to obtain the presence of his witnesses. During the period between March 30, 2005 and April 6, 2005, Dr. Blackmer reviewed the additional mental health information and reported that it did not alter his earlier determination that appellant was sane and competent to stand trial. At the conclusion of the grand larceny trial on April 6, 2005, the trial court found appellant guilty. This appeal followed.

ANALYSIS

Appellant contends that the trial court abused its discretion and violated his Sixth Amendment right to counsel when it denied his motion to substitute his retained counsel, Light, as trial counsel, and his motion for a continuance from the initial trial date to provide Light a reasonable time to prepare for trial. He also contends the trial court abused its discretion when it denied Schenk's motion for a continuance on the trial date to provide him time to prepare for

trial. The Commonwealth argues the trial court did not err by requiring the trial to proceed on the scheduled trial date and in "not permitting the defendant to profit from his own lack of cooperation with his [appointed] attorney."

"An accused's right to be represented by counsel is a fundamental component of our criminal justice system . . . long . . . recognized in Virginia . . . [to be] a fundamental one guaranteed to an accused by the Bill of Rights of the Virginia Constitution." Paris v. Commonwealth, 9 Va. App. 454, 459, 389 S.E.2d 718, 721 (1990) (citations omitted).[2] This right to counsel includes "not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources or through the aid of his family or friends, to be represented by an attorney of his own choosing." Id. at 460, 389 S.E.2d at 721 (citing Thacker v. Slayton, 375 F. Supp. 1332, 1335 (E.D. Va. 1974)).

We have previously held that an accused's right to be represented by retained counsel, however, is "a qualified right which is limited by a 'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis,'" Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990) (quoting Paris, 9 Va. App. at 460, 389 S.E.2d at 721-22), and "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." Paris, 9 Va. App. at 461, 389 S.E.2d at 722 (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)).

In cases where a previously indigent accused is able to retain counsel of his choice, Code § 19.2-159.1(B) provides that the accused must "obtain private counsel and . . . forthwith advise the court of the change of circumstances." Once the trial court is notified that the accused has

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Constitution, amend. VI.

retained counsel, the statute provides that "appointed counsel shall be relieved of further responsibility," and the trial court "shall grant [a] reasonable continuance to allow [retained] counsel to . . . prepare for trial." Id. "Courts before which criminal proceedings are pending shall afford such continuances and take such other action as necessary" to comply with Code § 19.2-159.1(B). Code § 19.2-162. See also Cherricks v. Commonwealth, 11 Va. App. 96, 99, 396 S.E.2d 397, 399 (1990) (citing Code § 19.2-162).

Not every denial of a request for continuance to permit substitution of retained counsel will constitute an abuse of discretion. In Shifflett v. Commonwealth, 218 Va. 25, 235 S.E.2d 316 (1977), the defendant sought a continuance on the day of trial to allow him the opportunity to hire retained counsel, citing his displeasure with court-appointed counsel. There, our Supreme Court concluded that "[i]n order to work a delay by the last minute change of counsel, exceptional circumstances must exist." Id. at 30, 235 S.E.2d at 319.

When a previously indigent accused obtains retained counsel, under the circumstances shown in this record, the trial court's failure to substitute retained counsel, and to grant a reasonable continuance to permit retained counsel an opportunity to prepare for trial, is inconsistent with the requirements of Code § 19.2-159.1(B). "[A]lthough granting or denying a continuance is within the discretion of the trial court, it must exercise its discretion with due regard to the provisions of the Bill of Rights, which secure to one accused of crime a fair and impartial trial . . . ." Gilchrist v. Commonwealth, 227 Va. 540, 546, 317 S.E.2d 784, 787 (1984) (citations omitted). Thus, "[w]hen a court has no reason to believe that a motion for a continuance is spurious, it should seriously consider whether a failure to grant the continuance may 'imperil the just determination of the cause.'" Id. (quoting Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430 (1890)).

The United States Supreme Court recently addressed the Sixth Amendment right to retained counsel in United States v. Gonzalez-Lopez, 126 S. Ct. 2557 (2006), holding that:

> [w]here the right to be assisted by counsel of one's choice is wrongly denied . . . a Sixth Amendment violation [is established]. Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.

Id. at 2563. [3] In Gonzalez-Lopez, the accused's retained counsel represented him at his preliminary hearing pursuant to a provisional grant of authority to act *pro hac vice*. However, the trial court revoked retained counsel's provisional permission and denied him admission *pro hac vice* to represent Gonzalez-Lopez at trial. Id. at 2560. The government conceded, under the circumstances presented, the trial court erred in denying Gonzalez-Lopez representation by his retained counsel. However, it contended that, because Gonzalez-Lopez received effective representation by counsel at trial, any error on the part of the trial court denying representation by retained counsel did not prejudice Gonzalez-Lopez, and at most was harmless error. The Supreme Court concluded that the trial court erred in denying defendant his right to be represented by his retained counsel of choice, noting that "the right at stake here [was] the right to counsel of [defendant's] choice . . . and that right was violated because the deprivation of counsel was erroneous. No additional showing of prejudice [was] required to make the violation 'complete.'" Id. at 2562.

In Gonzalez-Lopez, the Court noted that the erroneous deprivation of counsel of choice has "consequences that are necessarily unquantifiable and indeterminate . . . ." Id. at 2564 (citations omitted).

---

[3] We requested both parties to provide additional briefing to address the impact of Gonzalez-Lopez, 126 S. Ct. 2557, decided June 2006, after this appeal was granted, on the issues before us.

> Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the framework within which the trial proceeds, or indeed on whether it proceeds at all. It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings. Many counseled decisions, including those involving plea bargains and cooperation with the government, do not even concern the conduct of the trial at all. Harmless-error analysis in such a context would be a speculative inquiry into what might have occurred in an alternate universe.

Id. at 2564-65 (citations omitted).

Prior to the decision in Gonzalez-Lopez, we have concluded that a trial court's denial of a motion for continuance to permit substitution of counsel and, where necessary, a continuance to allow counsel to prepare "will not be reversed on appeal unless there was a clear abuse of discretion *and* prejudice to the defendant." Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993) (citing Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990)) (emphasis added). However, Gonzalez-Lopez calls into question our prior holdings requiring prejudice be shown, instructing that once a defendant is *erroneously* denied his right to counsel of choice, "[n]o additional showing of prejudice is required to make the violation 'complete.'" Id. at 2562.

Under the circumstances demonstrated on the record before us, where appellant continuously insisted that Light would represent him at trial, where his family had actually retained Light sixteen days prior to the scheduled trial date, where the trial court was notified by retained counsel of that event four days later, and where no prior continuances had been granted at his request, the trial court abused its discretion in failing to grant appellant's motion to

substitute Light, his retained counsel of choice, as his trial counsel, and in failing to grant him a reasonable continuance to prepare for trial. Code §§ 19.2-159.1(B) and 19.2-162.

On this record, we find the circumstances required substitution of counsel retained in advance of the trial date, and a continuance of the trial date for a reasonable period of time to permit counsel to prepare. Failure to do so constituted an abuse of discretion and denial of appellant's right to be represented by his retained counsel.

## CONCLUSION

From the record before us, where no prior continuances had been requested by appellant, where the motion for the substitution of counsel, and for a reasonable continuance to permit retained counsel the opportunity to prepare for trial, were timely presented, we conclude that the trial court abused its discretion by not permitting the substitution of retained counsel and in not granting a reasonable opportunity for him to prepare for trial. Accordingly, we reverse appellant's convictions and remand to the trial court for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded.</u>