HUMPHREYS, Judge.
Amen Hotep Johnson (“Johnson”) appeals his conviction for possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2. He argues that the trial court erred in denying his motion for a continuance and refusing to allow his retained attorney to represent him, in violation of his right to counsel as guaranteed by the Sixth Amendment to the United States Constitution.[1] For the reasons that follow, we find no error and affirm Johnson’s conviction.
*372 BACKGROUND
The facts of this matter are not in dispute. On September 7, 2005, a grand jury indicted Johnson for possession of a firearm after having been convicted of a felony, in violation of Code § 18.2-308.2. Shortly thereafter, the Circuit Court of the City of Norfolk (“trial court”) appointed attorney Jon Eichler (“Eichler”) to represent Johnson. The case was originally scheduled for January 23, 2006, but was continued by defense motion until March 16, 2006, so that the trial court could hold a suppression hearing. On March 16, 2006, Johnson requested a jury trial. As the case had previously been set for a bench trial, the trial court continued the case until May 9, 2006, again on motion of the defense.[2]
On May 9, 2006, at the outset of the suppression hearing, the Commonwealth amended Johnson’s indictment to allege that Johnson had previously been convicted of a felony “or adjudicated delinquent of an act which would be a violent felony if committed by an adult.” Johnson asserted that he was entitled to a continuance because of the amendment to the indictment. After denying Johnson’s suppression motion, the trial court granted Johnson’s continuance motion, primarily because of the amendment to his indictment. The trial court ruled that the evidence received at the suppression hearing would be admissible at trial.[3] Thus, the trial court continued the case until June 20, 2006. Judge Everett Martin, the judge presiding, ordered that the case remain on his docket.
On June 20, 2006, by joint motion of the parties, the trial court continued the case until July 12, 2006, this time so that the parties could “keep [the case] on Judge Martin’s [d]oeket,” *373 because he had “already begun hearing the case.”[4] By request of the Commonwealth, the trial court continued the case from July 12, 2006, until August 17, 2006. On this day, Attorney Duncan R. St. Clair, III, (“St. Clair”) appeared in court and stated that he wished to substitute as defense counsel for Johnson. St. Clair stated that Johnson’s family had “come into some money,” and had retained him “about a week ago.” St. Clair also stated that he would need a continuance if he became Johnson’s defense counsel, because he had not yet reviewed the transcript of the suppression hearing.
The trial court denied this motion, stating that it “never believed that [a] defendant had a right to hire an attorney on the morning of trial,” and declined to continue the case. Thus, the case proceeded with Eichler as Johnson’s court-appointed attorney. The trial court convicted Johnson, and sentenced him to five years in the Virginia State Penitentiary. This appeal followed.
ANALYSIS
Johnson argues on appeal that the trial court violated his right to counsel under the Sixth Amendment to the United States Constitution by denying his motions for substitution of counsel and a continuance.[5] We disagree.
*374 An accused’s right to be represented by counsel includes “not only an indigent’s right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources to be represented by an attorney of his own choosing.”
Feigley v. Commonwealth, 16 Va.App. 717, 720, 432 S.E.2d 520, 523 (1993) (quoting Bolden v. Commonwealth, 11 Va.App. 187, 190, 397 S.E.2d 534, 536 (1990)). “However, this right is a qualified right which is limited by a ‘countervailing state interest in proceeding with prosecutions on an orderly and expeditious basis.’ ” Bolden, 11 Va.App. at 190, 397 S.E.2d at 536 (quoting Paris v. Commonwealth, 9 Va.App. 454, 460, 389 S.E.2d 718, 721-22 (1990)).
“A trial judge has broad discretion in determining whether a continuance to obtain counsel is necessary in order to preserve the accused’s right to assistance of counsel.” Feigley, 16 Va.App. at 721, 432 S.E.2d at 523. “[O]nly an unreasoning and arbitrary ‘insistence upon expeditiousness in the face of a justifiable request for delay’ violates the right to the assistance of counsel.” Paris, 9 Va.App. at 460, 389 S.E.2d at 722 (quoting Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983)). Furthermore, “[i]n order to justify a continuance ‘by the last minute change of counsel, exceptional circumstances must exist.’ ” Feigley, 16 Va.App. at 721, 432 S.E.2d at 523 (quoting Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977)). However, “once a defendant is erroneously denied his right to counsel of choice, ‘no additional showing of prejudice is required to make the violation complete.’ ” London v. Commonwealth, 49 Va.App. 230, 239, 638 S.E.2d 721, 725 (2006) (quoting United States v. Gonzalez-Lopez, 548 U.S. 140, 145, 126 *375 S.Ct. 2557, 2562, 165 L.Ed.2d 409 (2006)) (emphasis in original).
In Feigley, we held that a request for a continuance to obtain private counsel was not a “ ‘justifiable request for a delay’ ” when the defendant made the request on the day of trial, stating only that he had a “basic feeling” that a privately retained attorney would represent him better than a court-appointed attorney. 16 Va.App. at 721, 432 S.E.2d at 523 (quoting Paris, 9 Va.App. at 461, 389 S.E.2d at 722).
In this case, Johnson’s family had “come into some money,” and had retained St. Clair “about a week [earlier]” after several continuances and a suppression hearing. Thus, Johnson’s family had actually hired an attorney, as opposed to the defendant in Feigley, who merely wanted to hire one. Nonetheless, for the following reasons, we hold that this does not amount to an “exceptional circumstance” that warrants the last minute continuation of a case.
In London, which Johnson cites, we reversed a trial court’s denial of the defendant’s continuance motion when the defendant’s family retained a private attorney sixteen days before trial, the retained attorney notified the trial court twelve days before trial, and the trial court had granted no prior continuances at the defendant’s request. 49 Va.App. at 239, 638 S.E.2d at 725. London, unlike this case, did not involve a last minute request for a continuance, and the situation in that case did not require “exceptional circumstances.”
In this case, although Johnson’s family retained St. Clair a week before trial, neither Johnson nor St. Clair advised the trial court of this fact until the morning of trial. Furthermore, the case had been continued five times before Johnson asked the trial court to substitute St. Clair as his counsel, three times at Johnson’s request, and once upon joint motion of Johnson and the Commonwealth. Thus, London is distinguishable on its facts from the case before us. Under the circumstances of this case, the trial court’s decision was neither unreasoning nor arbitrary and we hold that it did not err in denying Johnson’s request to substitute St. Clair as his *376 counsel and to continue the case.[6]
Johnson also relies on Gonzalez-Lopez, in which the United States Supreme Court held that “[n]o additional showing of prejudice is required to make the [Sixth Amendment] violation complete” after a trial court erroneously denies a defendant his right to counsel of choice. 126 S.Ct. at 2562 (internal quotations omitted). However, Gonzalez-Lopez clearly applies only to situations where a trial court erroneously denies a defendant his right to counsel of his choice. Having held that the trial court did not err by denying Johnson’s continuance and substitution of counsel, we also hold that Gonzalez-Lopez has no application to this case.

CONCLUSION

In summary, several countervailing circumstances appear in the record before us that offset Johnson’s last minute request to assert his Sixth Amendment right to an attorney of his choosing. These circumstances include the five prior continuances, the week-long delay until the morning of trial in informing the trial court and the Commonwealth’s attorney that new counsel had been retained, and the fact that witnesses were present and both the Commonwealth and John *377 son’s court-appointed attorney were ready to proceed. Thus, we cannot say as a matter of law that the trial court acted in an unreasoning or arbitrary manner when it determined that Johnson’s right to an attorney of his choosing was outweighed by the Commonwealth’s right to have its cases resolved expeditiously and efficiently. We therefore find no error in the refusal of the trial court to continue Johnson’s case a sixth time and allow Johnson to substitute new counsel, and we affirm the judgment of the trial court.

Affirmed.

. Johnson also argued on brief, in a single question presented, that the trial court erroneously admitted his prior juvenile adjudications into *372 evidence and that Code § 18.2-308.2 did not apply to him because his juvenile adjudication of guilt occurred before July 1, 2005. However, Johnson conceded at oral argument that there was no reversible error on this question presented. Accordingly, we do not address this issue.

. Johnson apparently later changed his mind again and decided that he wanted a bench trial after all.

. The trial court apparently made this ruling because Johnson did not timely file his written motion to suppress.

. This language appeared on the continuance order. The order further stated that the transcript had been ordered and would be sent to Judge Martin by July 7, 2006.

. At trial, Johnson also cited Code § 19.2-159.1(B), which states in pertinent part:
[When] the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant [a] reasonable continuance to allow counsel to be obtained and to prepare for trial. When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services[.]
Johnson does not argue the applicability of this statute on appeal. The dissent notes that Johnson raises this statute on page 2 of his brief, and in his "table of authorities” as well. What the dissent neglects to *374 mention is that this hardly constitutes an "argument,” since Johnson only references the statute on page 2 of his statement of facts, in which he simply states that Eichler brought this statute to the attention of the trial court. As a result of this, the statute appeared in Johnson’s "table of authorities.”

. The dissent criticizes this reasoning, stating that:
[Ajppellant's Sixth Amendment right to counsel of his choice is not qualified by any state interest in avoiding "last minute" continuances. Rather, appellant's Sixth Amendment right is qualified only by the state interest in orderly and expeditious prosecutions. In short, it is not the time when the motion for a continuance is made that qualifies the Sixth Amendment right; it is the effect upon the orderly administration of justice if that motion be granted that generates the qualification____ The language from Feigley and Shifflett cited by the majority is more sensibly understood to mean that a continuance to retain a lawyer on the eve of trial will rarely be appropriate because, at such a time, a continuance is much more likely to disrupt the Commonwealth’s interest in an orderly and expeditious prosecution. We agree with the dissent that a continuance to obtain a lawyer on
the eve of trial "is much more likely to disrupt the Commonwealth's interest in an orderly and expeditious prosecution.” Here, the trial court apparently thought a further continuance would disrupt this interest. This is a valid concern, given the fact that the trial court had already continued the case five times.