COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

MELVIN DEMORRIS MARSHALL

                                                          MEMORANDUM OPINION* BY
v.       Record No. 2310-08-1                       JUDGE D. ARTHUR KELSEY
                                                               MARCH 23, 2010
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Thomas S. Shadrick, Judge Designate

              David H. Moyer (Law Office of David H. Moyer, on brief), for
              appellant.

              Eugene Murphy, Senior Assistant Attorney General (William C.
              Mims, Attorney General, on brief), for appellee.


        A jury convicted Melvin Demorris Marshall of aggravated malicious wounding and use

of a firearm during the commission of a felony.  On the morning of trial, Marshall's counsel

requested a continuance of the trial so he could locate a potential witness.  The trial court denied

the request.  Marshall appeals, claiming the trial court abused its discretion and prejudiced his

defense.  Because the trial court did not abuse its discretion, we affirm.


                                              I.

        Police arrested Marshall in July 2007 for shooting Frank Williams in the back.  A grand

jury indicted Marshall for aggravated malicious wounding and felonious use of a firearm.  The

trial court issued a scheduling order setting a bench trial for November 20, 2007.  In October,

new counsel appeared for Marshall, requested a jury trial, and obtained a continuance of the trial

to January 15, 2008.  On January 15, the court continued the case by agreement to March 25,

2008.  On March 18 and again on March 24, the court continued the case to June 17, 2008.  On

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

June 17, 2008, the trial court continued the case at Marshall's request to September 10, 2008 — the stated reason was "Defense needs additional time to locate witness."

On September 10, 2008, the morning of trial, Marshall sought yet another continuance. His counsel proffered that the day before he had spoken over the phone to a potential witness, Shawn Campbell, who stated he overheard the victim, Frank Williams, say he was "not sure" Marshall was the person who shot him. Neither the Commonwealth nor Marshall had subpoenaed Campbell. Marshall's counsel asked Campbell to appear at trial the next day. "He wasn't excited about it," counsel said of Campbell's response, "but he said he would." When Campbell failed to show up on the morning of trial, counsel attempted to reach him by phone. When Campbell did not answer, counsel left a voice message. Campbell did not call back. Counsel did not know Campbell's address. Counsel also said Campbell was in the process of moving. The prosecutor contested the proffer and claimed other witnesses, including the victim, would refute Campbell's statement.

After inquiring about prior continuances, the trial court stated: "Well, it sounds to me like this is a rather weak statement on the part of this potential witness. He's not here today. He's not answering his phone, which makes his statement even more suspect. Since the case has already been continued twice, I'm not inclined to continue it again." The court, however, suggested Marshall's counsel could continue his efforts to reach the witness. "I would suggest," the court stated, "defense make every effort during the course of this trial to get him here, if they can, but I'm not inclined to continue it today."

The case proceeded to trial before a jury. The Commonwealth rested its case on the second day of the trial. Before the defense presented evidence, the trial court asked Marshall's counsel whether he had "any success in locating" Campbell. Counsel responded: "No. It's officially a lost cause and I'm ready to go forward." Trial Tr. at 241 (Sept. 11, 2008). Marshall

was found guilty of aggravated malicious wounding and use of a firearm during the commission of a felony.

II.

Marshall argues on appeal the trial court erred as a matter of law by denying his motion for a continuance. We disagree.

Whether to grant or deny a continuance rests within the "sound discretion" of the trial court. Ortiz v. Commonwealth, 276 Va. 705, 722, 667 S.E.2d 751, 762 (2008) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)). An appellate court can reverse only if the trial court committed an "abuse of discretion" and caused "resulting prejudice." Id. at 723, 667 S.E.2d at 762; Cooper v. Commonwealth, 54 Va. App. 558, 565, 680 S.E.2d 361, 364 (2009). This two-pronged test "has long been the standard under Virginia practice." Id. "Satisfying both prongs of the test is 'essential to reversal.'" Id. at 565, 680 S.E.2d at 365 (citation omitted). To be sure, the "absence of one renders inconsequential the presence of the other." Id. (quoting Bolden v. Commonwealth, 49 Va. App. 285, 290, 640 S.E.2d 526, 529 (2007), aff'd on other grounds, 275 Va. 144, 654 S.E.2d 584 (2008)).

In this case, we need not address Marshall's claim of prejudice because he cannot show the trial court abused its discretion. Faced with a morning-of-trial request for a continuance, the trial court understandably took into account the case had been continued several times before. One such occasion, the record shows, was due to Marshall's request for "additional time to locate [a] witness." Continuance Order (June 17, 2008). The case had been pending for fourteen months since Marshall's arrest. See Johnson v. Commonwealth, 51 Va. App. 369, 376, 657 S.E.2d 812, 815 (2008) (considering "five prior continuances" as a factor in upholding the trial court's denial of continuance); Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993) (finding the "trial date was more than six months after Feigley's first attorney

- 3 -

had been appointed," coupled with his last minute continuance request, were factors supporting the denial of his continuance).

Moreover, Marshall's counsel proffered little to assure the trial court that Campbell could be found within a reasonable timeframe. After declaring he "wasn't excited" about testifying, Campbell failed to show up for trial and failed to answer counsel's phone calls. On the second day of trial, Marshall's counsel concluded it was "a lost cause" — a realistic conclusion given that counsel had no address for Campbell and, to make matters worse, Campbell was in the process of moving. See Chichester v. Commonwealth, 248 Va. 311, 322, 448 S.E.2d 638, 646 (1994) (explaining "[t]he burden is on the party seeking a continuance to show that it is likely that the witness would be present at a later date"); Shackleford v. Commonwealth, 32 Va. App. 307, 321, 528 S.E.2d 123, 130 (2000) (stating "there was no indication that had the court continued the hearing, [the missing witness] would have been available at the future date"); see also Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 669 (1994) (holding "the trial court had no reason to believe that [the missing witness] would have appeared at a later date").

Appellate review under an abuse-of-discretion standard, if nothing else, "means that the trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (citation and internal quotation marks omitted), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (citation omitted); see also Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009). Thus, by its very nature, the abuse-of-discretion standard of review recognizes reasonable jurists can and do differ on a great many things.

Given these circumstances, we cannot conclude the trial court abused its discretion. A reasonable jurist could conclude Marshall's counsel provided too weak a basis for believing he could timely secure, if ever, the presence of the missing witness. Given the delays that had already taken place in the case, the trial court understandably was reluctant to grant yet another continuance. Because the trial court did not abuse its discretion in coming to this conclusion, we affirm Marshall's convictions.

<u>Affirmed.</u>