PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and Decker
Argued at Alexandria, Virginia


MIGUEL ANTONIO REYES

OPINION BY
v.      Record No. 2108-16-4       JUDGE RANDOLPH A. BEALES
JANUARY 9, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

Kathryn C. Donoghue, Senior Assistant Public Defender, for
appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


I. BACKGROUND

Miguel Antonio Reyes ("appellant") was indicted for robbery stemming from an incident

that occurred on June 27, 2015 involving M.G. ("the victim").[1]  Due to appellant's indigent

status, Roger Nord, Esquire, was appointed as counsel for appellant.

On February 23, 2016, appellant entered an Alford guilty plea to the robbery charge

pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).[2]  After appellant entered his plea, the

---

[1] We use the victim's initials in an attempt to better protect her privacy.

[2] Alford pleas allow "criminal defendants who wish to avoid the consequences of a trial
to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining
that they did not participate in the acts constituting the crimes." Carroll v. Commonwealth, 280
Va. 641, 644-45, 701 S.E.2d 414, 415 (2010) (quoting Parson v. Carroll, 272 Va. 560, 636
S.E.2d 452 (2006)).

Commonwealth summarized the evidence that it would have presented at trial.[3] According to the written plea agreement, there was no agreement regarding appellant's sentence. The agreement noted that the Commonwealth had disposed of another charge at the preliminary hearing by *nolle prosequi* and that the Commonwealth agreed not to indict appellant on another count of robbery. Pursuant to the agreement, appellant would pay restitution in the amount of $1,850 "for this victim and the victim of the uncharged case." After engaging in a plea colloquy, the trial court accepted appellant's guilty plea and entered an order finding him guilty of robbery.

On May 13, 2016, the parties appeared before the trial court for sentencing. Appellant's appointed counsel, Mr. Nord, asked for a continuance in order to determine whether appellant was eligible for the Youthful Offender Program. The Commonwealth objected to the continuance based on the late timing of the motion, arguing that the victim was present and ready to testify. The Commonwealth also argued that the program would be inappropriate based on the violent nature of the crime and appellant's history. The trial court granted the continuance and rescheduled the sentencing hearing to July 15, 2016. After the court granted the continuance, the Commonwealth requested that there be no future continuances, or if there were, requested that appellant's "Counsel let us know so we don't have the victim take time out of her day to come here yet again." The trial court declined to forbid future continuances, but requested that Mr. Nord inform the Commonwealth about any additional requests to continue prior to the date

_____

[3] The Commonwealth's proffer is summarized as follows: The victim called the Fairfax County Police on June 27, 2015 to report a robbery. The victim stated that she was in her apartment where her five-year-old son was asleep when she heard a knock at the door. When she opened the door, two individuals entered her apartment, and one of them put a gun to her head. One of the individuals told her to give them her money and pushed her to the ground. She gave them $650. They also took her cell phone. Before leaving, one of the individuals told the victim that, if she told anyone what had happened, they knew where she lived. The victim gave the police a description of the suspects, and she later identified appellant as one of the robbers in a photo lineup.

of the sentencing to allow the Commonwealth to inform the victim. Following the hearing, appellant was declared not suitable for the Youthful Offender Program.

On July 14, 2016, the day before the rescheduled sentencing hearing, Charles J. Swedish, Esquire filed a "Notice and Motion to Substitute Counsel." The motion stated that appellant's "financial circumstances have changed since his incarceration and that he is now able to retain private counsel." In addition to the request to substitute counsel, Mr. Swedish asked that "a reasonable continuance be granted for new counsel to prepare." On the same date, Mr. Swedish also filed a "Notice and Motion to Continue," stating that he was requesting a "reasonable continuance pursuant to Section 19.2-159.1 Code of Virginia."

On July 15, 2016, the parties appeared before the trial court for the previously scheduled sentencing hearing and to address Mr. Swedish's motions to substitute counsel and to continue the case. Mr. Swedish informed the trial court that he was "representing a family member and he asked me to look into the case and they want me to take over Mr. Reyes' case." Mr. Swedish told the trial court that the family spoke to him three weeks ago, but they did not pay him "until quite recently" at which point he immediately filed the motions. Mr. Swedish argued that Code § 19.2-159.1 "says when there is a change of financial circumstances for somebody who is represented by court-appointed counsel the Court shall grant a reasonable continuance." Mr. Swedish also informed the trial court that appellant "might want to withdraw" his guilty plea, to which the court replied, "That's so unlikely as to make it insufficient cause to continue the matter."

The Commonwealth objected to the continuance because the victim was again present to testify at the hearing and the case had previously been continued. The trial court denied the motion to continue because it had previously granted a continuance and because, it noted, an additional continuance would be a burden on the victim. However, the trial court stated that it

would permit Mr. Swedish to enter his appearance and represent appellant alongside Mr. Nord. Mr. Swedish declined to represent appellant with Mr. Nord, and Mr. Nord continued with the representation. On July 21, 2016, the trial court entered a final sentencing order sentencing appellant to forty-five years in prison with all but eighteen years suspended.

On August 9, 2016, Mr. Nord filed a "Motion to Reconsider, to Withdraw Alford Plea and to Set a Trial Date."[4] On September 20, 2016, the trial court entered an order denying the motion to reconsider and deeming all other motions moot. On October 4, 2016, Mr. Nord filed a "Supplemental Motion to Reconsider, to Withdraw Alford Plea and to Set a Trial Date," claiming in his supplemental motion that new information had become available because he was finally able to locate at least one alibi witnesses and possibly two others.

On October 5, 2016, the trial court entered an order stating that appellant was to be held at the Adult Detention Center in Fairfax County and not transferred to the Department of Corrections "until further notice of this Court." On October 7, 2016, the parties appeared before the trial court on Mr. Nord's motion. Mr. Nord argued that appellant had told him that he was in other places during the crime, but Mr. Nord had been unable to locate witnesses and he did not have a staff investigator to help him locate them. When asked by the trial court if there was a petition for habeas corpus coming, Mr. Nord responded, "I do not know that, Your Honor. I think that there are some grounds that may justify such an action." The trial court did not rule on appellant's supplemental motion, and instead requested that the Public Defender's Office look into the file. On October 12, 2016, the trial court entered an order stating that Mr. Nord was

---

[4] In the motion, Mr. Nord explained that he believed Mr. Swedish had taken over handling the case. However, he received a phone call from Mr. Swedish on August 2, 2016, explaining that Mr. Swedish would not continue with the case since appellant's family did not pay him in full.

withdrawn from the case and the Office of the Public Defender was appointed to represent appellant.

On December 6, 2016, this Court entered an order granting appellant leave to file a delayed appeal. Appellant subsequently filed a notice of appeal of the July 21, 2016 order. Appellant assigns error to the trial court's denial of his retained counsel's motion to continue, arguing that the denial was a violation of Code § 19.2-159.1 and of the Sixth Amendment to the United States Constitution.

## II. ANALYSIS

### A. Standard of Review

"The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007). "A trial judge has broad discretion in determining whether a continuance to obtain counsel is necessary in order to preserve the accused's right to assistance of counsel." Johnson v. Commonwealth, 51 Va. App. 369, 374, 657 S.E.2d 812, 814 (2008) (quoting Feigley v. Commonwealth, 16 Va. App. 717, 721, 432 S.E.2d 520, 523 (1993)). A trial judge's denial of a continuance will not be reversed on appeal absent an abuse of discretion and prejudice to the defendant. Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990). "The trial judge does not abuse his discretion and deny the accused his right to counsel unless he makes 'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.'" Feigley, 16 Va. App. at 721, 432 S.E.2d at 523 (quoting Paris v. Commonwealth, 9 Va. App. 454, 461, 389 S.E.2d 718, 722 (1990)).

> An accused's right to be represented by counsel includes "not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide

- 5 -

> counsel for himself by his own resources to be represented by an attorney of his own choosing.

Feigley, 16 Va. App. at 720, 432 S.E.2d at 523 (quoting Bolden v. Commonwealth, 11 Va. App. 187, 190, 397 S.E.2d 534, 536 (1990)). "However, this right is a qualified right which is limited by a 'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.'" Bolden, 11 Va. App. at 190, 397 S.E.2d at 536 (quoting Paris, 9 Va. App. at 460, 389 S.E.2d at 721-22). Once a defendant has been erroneously denied his right to counsel, however, "[n]o additional showing of prejudice is required to make the violation 'complete.'" London v. Commonwealth, 49 Va. App. 230, 239, 638 S.E.2d 721, 724 (2006) (quoting United States v. Gonzalez-Lopez, 580 U.S. 140, 146 (2006)).

B. Appellant's Request for a Continuance under Code § 19.2-159.1

In appellant's first assignment of error, he argues that the trial court erred in denying the request for a continuance made on his behalf by Mr. Swedish, pursuant to Code § 19.2-159.1. Code § 19.2-159.1(B) provides:

> The statement and oath of the defendant shall be filed with the papers in the case, and shall follow and be in effect at all stages of the proceedings against him without further oath. In the event the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant reasonable continuance to allow counsel to be obtained and to prepare for trial.[5] When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services, pro rata, pursuant to § 19.2-163.

---

[5] The parties dispute whether the word "trial," as used in this code section, includes sentencing proceedings. Appellant argues that "trial" encompasses arraignment through sentencing, while the Commonwealth contends that "trial" refers only to the stage of proceedings where a defendant's guilt or innocence is determined. For the purposes of this appeal, we assume without deciding that "trial" within Code § 19.2-159.1 applies to sentencing proceedings.

Appellant argues that he complied with the requirements imposed on defendants under this statute by informing the trial court of his change in circumstance and alerting the court to the fact that his family now possessed the funds to retain private counsel on his behalf.  He argues that, having fulfilled this requirement, the trial court was obligated to provide appellant's new counsel with time to prepare because the statute's mandatory language, "*shall* grant reasonable continuance," required the trial court to grant the request for a continuance.  Code § 19.2-159.1(B).

This Court has stated, "Not every denial of a request for continuance to permit substitution of retained counsel will constitute an abuse of discretion" that can be overturned on appeal.  London, 49 Va. App. at 236, 638 S.E.2d at 724.  When a defendant makes a last minute request for a continuance, he must demonstrate that exceptional circumstances exist.  Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977) ("In order to work a delay by the last minute change of counsel, exceptional circumstances must exist." (citing United States v. Grow, 394 F.2d 182, 209 (4th Cir. 1968))); see also Brailey v. Commonwealth, 55 Va. App. 435, 444, 686 S.E.2d 546, 550 (2009) (requiring defendant to show exceptional circumstances where he requested a continuance to obtain new counsel on the day of trial); Johnson, 51 Va. App. at 374, 657 S.E.2d at 814 (showing of exceptional circumstances required where request for continuance was filed the morning of trial).  Two cases from this Court are particularly instructive in determining whether exceptional circumstances are present.  In Johnson v. Commonwealth, a new attorney appeared for the defendant on the day of trial, requesting that he be allowed to substitute as defense counsel in place of defendant's appointed attorney and seeking a continuance to allow him to prepare.  51 Va. App. at 373, 657 S.E.2d at 813.  The new attorney informed the trial court that defendant's family had "come into some money" and had retained him "about a week ago."  Id.  The trial court denied the continuance, and defendant

appealed.  Id.  This Court affirmed the decision of the trial court, holding that the defendant failed to present an exceptional circumstance that would warrant a last-minute continuance.  Id. at 375, 657 S.E.2d at 814.  This Court also reasoned that the trial court's decision was neither "unreasoning nor arbitrary" under the circumstances because the case had been continued five times prior (three times at the defendant's request), retained counsel waited a week after he was retained to request the continuance, witnesses were present to testify, and both the attorney for the Commonwealth and appellant's court-appointed attorney were prepared to proceed.  Id. at 376-77, 657 S.E.2d at 815.

Similarly, in Brailey v. Commonwealth, this Court affirmed a trial court's denial of a request for a continuance to allow the defendant to retain new counsel.  55 Va. App. at 445, 686 S.E.2d at 551.  In that case, the defendant made a request for a continuance to allow him to retain new counsel on the day of trial, necessitating a showing of exceptional circumstances by the defendant.  Id. at 442, 686 S.E.2d at 549.  The only reason for the continuance request offered on the record was, a "general representation by appellant that he and his counsel were having problems 'beyond the realm of normal navigation' and did 'not see eye to eye.'"  Id. at 445, 686 S.E.2d at 551.  In affirming the trial court's denial of the requested continuance, this Court also noted that the defendant's interest in obtaining new counsel was outweighed by the state's countervailing interest to proceed expeditiously because the trial court had previously granted a continuance at the defendant's request, the Commonwealth had fourteen witnesses present for trial, and appellant's current counsel was prepared to proceed.

In this case, the motion for a continuance was filed the day before the sentencing hearing which had previously been continued at appellant's request.  Because the motion was filed at the last minute, appellant was required to show exceptional circumstances to warrant the continuance.  However, appellant failed to present any exceptional circumstances to the trial

court.  Although Mr. Swedish informed the court that appellant *may* want to withdraw his guilty plea, he provided no reasoning or support for this *possible* action.  In addition, as in Johnson, although appellant's retained counsel informed the court of appellant's changed financial circumstances, this alone was insufficient to require the court to grant the continuance. Furthermore, also as in Johnson and Brailey, appellant had previously been granted a last-minute continuance.  The Commonwealth's witness, the victim, was yet again present and ready to testify, which forced her to once again relive the trauma of the events that victimized her, and both the Commonwealth and appellant's appointed counsel were prepared to proceed.[6]  Under these circumstances, we cannot say that the trial court abused its discretion when it denied appellant's motion to continue.[7]

Appellant argues that this case is more similar to London v. Commonwealth.  In London, this Court reversed a trial court's denial of the defendant's motion for a continuance where the defendant had continually insisted to his appointed counsel that he was going to hire a specific private attorney to represent him, defendant's family retained that private attorney sixteen days

---

[6] After the trial court denied the motion to continue and informed Mr. Swedish that he could represent appellant together with Mr. Nord during the sentencing proceeding, Mr. Swedish stated, "Well, I have to be in another jurisdiction today later on.  But I'm leaving it up to Mr. Nord.  He's quite prepared for the sentencing."  There was no evidence presented at the time to indicate that Mr. Nord was not prepared.  However, appellant claims that he was prejudiced by the trial court's denial based on Mr. Nord's statements to the trial court on October 7, 2016, indicating that Mr. Nord's representation of appellant may have been ineffective.  See Feigley, 16 Va. App. at 721, 432 S.E.2d at 523 (noting that prejudice may be shown if "court-appointed attorney conducted an inadequate investigation, was unprepared for trial, or failed to pursue a vigorous defense").  However, having held that the trial court did not abuse its discretion in denying the continuance, we need not reach the issue of whether appellant was prejudiced by the denial.

[7] Although the defendants in Johnson and Brailey only argued that their Sixth Amendment right to counsel was violated, the same basic analysis applies to appeals based on Code § 19.2-159.1.  See London, 49 Va. App. at 235-40, 638 S.E.2d at 723-26 (applying the same analysis to appellant's Sixth Amendment argument and his argument under Code § 19.2-159.1).

before trial, the private attorney moved to substitute and for a continuance twelve days before trial, and the trial court had granted no prior continuances at the defendant's request. 49 Va. App. at 239, 638 S.E.2d at 725. Despite appellant's argument, we find London distinguishable. Most notably, "London, unlike this case, did not involve a last minute request for a continuance, and the situation in that case did not require 'exceptional circumstances.'" Johnson, 51 Va. App. at 375, 657 S.E.2d at 814. In addition, in London, no prior continuances had been granted, while in this case, the court had previously granted a continuance made on the day of the sentencing hearing when the victim had also been present to testify but was not allowed to do so because of the granting of the last-minute continuance. For all these reasons, the trial court, unlike in London, did not abuse its discretion in denying appellant's request for a continuance.

### C. Appellant's Sixth Amendment Claim

Appellant also claims that the trial court violated appellant's Sixth Amendment right to be represented by counsel. However, appellant failed to preserve this argument for this Court's review. In the trial court, appellant relied solely on Code § 19.2-159.1, and failed to raise a claim regarding his Sixth Amendment right to counsel. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."). As a result, appellant's argument is procedurally defaulted pursuant to Rule 5A:18. Therefore, we do not reach this assignment of error.[8]

---

[8] The written order in this case shows that the trial court granted appellant's request to substitute Mr. Swedish, the counsel of appellant's choosing, for his appointed counsel. The order also notes that Mr. Swedish then immediately withdrew as counsel.

III. Conclusion

In summary, we affirm the trial court's denial of appellant's request for a continuance under Code § 19.2-159.1. Because appellant's request was made last minute – the day before the sentencing proceeding – appellant was required to demonstrate exceptional circumstances. However, appellant failed to present such exceptional circumstances to the trial court as part of his motion. Furthermore, appellant had previously been granted a last-minute continuance, the Commonwealth's witness (the victim) was present and prepared to testify, as she was when the prior continuance was granted, and both the Commonwealth and appellant's appointed attorney were prepared to proceed with the sentencing hearing. Given these circumstances, the trial court did not abuse its discretion in denying the request for a continuance. We do not address appellant's second assignment of error because appellant failed to preserve that issue for our review. For these reasons, we affirm the decision of the trial court.

Affirmed.