PRESENT: All the Justices

MIGUEL ANTONIO REYES

OPINION BY
JUSTICE WILLIAM C. MIMS

v. Record No. 180191

February 21, 2019

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred by affirming a trial court's

denial of a continuance sought under Code § 19.2-159.1.

I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Miguel Antonio Reyes pled guilty to a single charge of robbery, in violation of Code §

18.2-58. After a hearing, the circuit court accepted the plea and found Reyes guilty. It ordered a

presentence report and set the case for sentencing in May 2016.

At the May sentencing hearing, Roger G. Nord, Reyes's court-appointed counsel, moved

for a continuance so that Reyes could be evaluated for eligibility for the youthful offender

program established by Code §§ 19.2-311 through -316. The Commonwealth objected because

the victim was present at the hearing to provide victim impact testimony. The court granted a

continuance to July 15.

On July 14, Reyes filed a notice and motion through Charles J. Swedish to substitute

Swedish as counsel. Reyes asserted that his financial condition had changed because his family

had agreed to retain Swedish, so he was no longer indigent. He also sought a continuance

pursuant to Code § 19.2-159.1.[1] He repeated these assertions in a separate notice and motion for

continuance filed through Swedish the same day.

---

[1] Subsection (B) of the statute provides in relevant part that

At the July 15 hearing, the Commonwealth objected to the continuance, noting that the victim was present again in a second attempt to provide impact testimony. The court then asked Swedish why he needed a continuance. Swedish explained that Reyes' family had approached him to take over the case. The discussion then unfolded as follows:

> MR. SWEDISH: . . . . At this late date I wouldn't be doing Mr. Reyes any justice at all if I were to step in merely to do the sentencing today. So I'm making a motion to continue based upon [Code § 19.2-159.1].
> It basically is a change of financial circumstances. He had court-appointed counsel before. I believe the Code section says the [c]ourt shall grant a reasonable continuance. That's what I'm asking for.
> [Reyes] entered an *Alford* plea. It has also been discussed he might want to withdraw that plea—
> THE COURT: That's so unlikely as to make it insufficient cause to continue the matter.
> MR. SWEDISH: I'm just telling Your Honor why I didn't just start filing things left and right. It wouldn't be appropriate and I'm not prepared for anything and I'm making the motion for the continuance. If that is granted I would ask that my appearance be entered. If not I suppose then the sentencing goes forward today. But I'm basing it on the Code section that says when there is a change of financial circumstances for somebody who is represented by court-appointed counsel[,] the [c]ourt shall grant a reasonable continuance. Thank you.
> THE COURT: This is to prepare for trial. That's what 19.2-159.1 means. Right, Mr. Swedish? It says trial.
> MR. SWEDISH: It says trial and, you know, sometimes they use that word "trial" to mean the day you enter a guilty plea.
> THE COURT: I don't think so. I think the legislators know what trial means.
> MR. SWEDISH: And like I said, there is a possibility he might seek to withdraw his plea.
> THE COURT: But if that's the reason[,] I'm concerned about granting a continuance in this. It's just going to delay matters. Because it's one thing to delay for the [c]ourt to address something. I just don't find any reasonable cause at this time[,] having gone through what we've gone through[,] for the withdrawal of a plea.

---

[i]n the event the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant reasonable continuance to allow counsel to be obtained and to prepare for trial. When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services, pro rata, pursuant to § 19.2-163.

2

MR. SWEDISH:  And all that I might add is that my client isn't going anywhere.  He has been incarcerated for quite some time.

THE COURT:  It's a burden on the victims.  I gave a first continuance and this is going to be a second continuance.

MR. SWEDISH:  I understand, Your Honor.  That's why I didn't try to force the issue but I brought it to the attention of the [c]ourt.

. . . .

THE COURT:  How much time do you need?

MR. SWEDISH:  I would suggest your next sentencing date in August.

THE COURT:  When did the family come to believe that they needed to bring in a lawyer?

MR. SWEDISH:  They spoke to me about three weeks ago and they did not [pay] until quite recently.  And then I filed immediately what I just filed, which was yesterday.

. . . .

THE COURT:  Why don't I just allow you to file a motion to reconsider before he is [transferred to] the Department of Corrections?

MR. SWEDISH:  That would be fine.  The burden is [a] little bit higher after sentencing.

THE COURT:  I don't think so.  I'm pretty sure the burden is the same because we (inaudible) on sentencing.

MR. SWEDISH:  I understand that and I appreciate Your Honor leaving that option open.  I understand [this is] last minute and that's why I alerted the [c]ourt and the Commonwealth immediately upon doing this instead of just coming in this morning trying to do this.  It's tough and that's why I didn't want to just start filing things left and right.  It would just not be appropriate and I'm not prepared.

If that's the case and we go forward today then Mr. Nord will be doing the sentencing and whatever happens, happens subsequent to today.

. . . .

THE COURT:  Given the Commonwealth's objection[,] the motion to continue is denied.  I will certainly allow Mr. Swedish to represent the defendant along with Mr. Nord if he wishes to.

MR. SWEDISH:  Well, I have to be in another jurisdiction today later on.  But I'm leaving it up to Mr. Nord.  He is quite prepared for the sentencing.

THE COURT:  Thank you.  So Mr. Nord is here.  You can enter your appearance in the case.  I would never prevent that from occurring but the motion for continuance is denied.  If you want to enter your appearance in this case because I'm not doing a substitution at this time.

3

MR. SWEDISH:  I'm withdrawing that for the moment.
THE COURT:  Thank you, Mr. Swedish.

The hearing thereafter proceeded with Nord representing Reyes.  The circuit court later entered a final order sentencing Reyes to a term of 45 years' incarceration with all but 18 years suspended.

Reyes appealed to the Court of Appeals asserting that the circuit court erred by denying his request for a continuance under Code § 19.2-159.1.[2]  The Court of Appeals ruled that he was required to demonstrate exceptional circumstances to obtain a last-minute continuance but that he had failed to do so.  Accordingly, it concluded that the circuit court did not abuse its discretion by denying his motion and affirmed the judgment.  *Reyes v. Commonwealth*, 68 Va. App. 379, 387-89 (2018).

We awarded Reyes this appeal.

## II.  ANALYSIS

It is well-settled that a ruling on a motion for continuance will be reversed "only upon a showing of abuse of discretion and resulting prejudice to the movant."  *Ortiz v. Commonwealth*, 276 Va. 705, 723 (2008) (internal quotation marks omitted).

"The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not."  *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (quoting *Evans v. Eaton Corp. Long Term Disability*

---

[2] Reyes also asserted that the circuit court violated his Sixth Amendment right to counsel. The Court of Appeals noted that he had not made that argument to the circuit court.  It ruled that the issue had not been preserved for appeal under Rule 5A:18 and declined to consider it.  *Reyes v. Commonwealth*, 68 Va. App. 379, 390 (2018).  We refused Reyes' assignment of error challenging that ruling.

*Plan*, 514 F.3d 315, 322 (4th Cir. 2008)) (internal alterations and quotation marks omitted).

While there are three familiar, principal ways in which a court may abuse its discretion,[3] it "also

abuses its discretion if it inaccurately ascertains the outermost limits of the range of choice

available to it." *Lambert v. Sea Oats Condo. Ass'n, Inc.*, 293 Va. 245, 253 (2017) (internal

alteration and quotation marks omitted). A statute may circumscribe a court's range of choice.

*Id.* Thus, to determine whether the circuit court abused its discretion by denying Reyes's

motion, we must first ascertain the meaning and effect of Code § 19.2-159.1.

> Subsection (B) of the statute provides that
>
> [a] statement and oath of [an indigent] defendant shall be filed with the papers in the case, and shall follow and be in effect at all stages of the proceedings against him without further oath. In the event the defendant undergoes a change of circumstances so that he is no longer indigent, the defendant shall thereupon obtain private counsel and shall forthwith advise the court of the change of circumstances. The court shall grant reasonable continuance to allow counsel to be obtained and to prepare for trial. When private counsel has been retained, appointed counsel shall forthwith be relieved of further responsibility and compensated for his services, pro rata, pursuant to [Code] § 19.2-163.

The General Assembly's intention in enacting this provision is clear and unambiguous. It

intended to minimize taxpayers' responsibility for paying the costs of court-appointed counsel

for criminal defendants who can afford to pay for counsel themselves. To this end, the statute

requires that a defendant who was indigent when a criminal proceeding began but who ceases to

be indigent while it is ongoing must notify the trial court "forthwith." The statute then requires

the court to "grant reasonable continuance to allow counsel to be obtained and to prepare for

---

[3] The three ways occur "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston–Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)) (internal quotation marks omitted).

trial." Once private counsel has been obtained, the court must discharge the attorney initially appointed at public expense. Thus, when a once-indigent criminal defendant experiences a genuine change of financial circumstances and ceases to be indigent, the General Assembly has left trial courts with almost no range of choice at all. The only decision the legislature has left to a court's discretion is what continuance, if any, is reasonable.

However, the court's obligation to grant reasonable continuance does not confer a new, statutory right for a criminal defendant. He or she is not the intended beneficiary of the statute; the taxpayers are, a point Reyes acknowledged in oral argument before us. Accordingly, its continuance provision serves only to protect the defendant's existing rights,[4] and that purpose of the statute is merely incidental to the primary, fiscal one.

Because Code § 19.2-159.1 requires a defendant who ceases to be indigent to obtain private counsel at his or her own expense whenever the indigence ends, the General Assembly provided for a continuance to allow the defendant time to choose a new attorney and time for that new attorney to prepare to provide effective assistance. But a court's deviation from the legislature's prescribed course of conduct does not violate any independent right for which the defendant is entitled to an independent remedy. A violation of the defendant's rights occurs only if the underlying Sixth Amendment protections are infringed.

---

[4] The Sixth Amendment guarantees defendants facing the possibility of incarceration the right to counsel "at all critical stages of the criminal process." *Marshall v. Rodgers*, 569 U.S. 58, 63 (2013). The right to counsel includes "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). The right to counsel also means "the right to the effective assistance of counsel," *Buck v. Davis*, 137 S. Ct. 759, 775 (2017), and preparation will often be a prerequisite to effective assistance. *See Chambers v. Maroney*, 399 U.S. 42, 53-54 (1975). The General Assembly wrote the statute intending to avoid violating these rights, and we have an obligation to construe it that way. *L.F. v. Breit*, 285 Va. 163, 180 (2013).

In this case, Reyes did not assert below that a new ability to retain private counsel entitled him to substitute counsel of his choice under the Sixth Amendment. He asserted only that Code § 19.2-159.1 required him to obtain private counsel, which he had done, and that he was therefore entitled *under the statute* to a continuance. He argues that because the statute uses the word "shall," the circuit court was required grant him one and that its failure to do so is reversible error. We disagree.

As we recently explained in *Rickman v. Commonwealth*, 294 Va. 531, 537 (2017), "shall" always connotes a legislative command. However, the legislature does not always specify the consequences of disobedience. *Id.* at 538. Where the statute includes no specific consequence, it is merely directory. That does not mean that the legislature intended it to be ignored. It does mean that the legislature left to the court the decision of how to remedy a violation. *Id.* When a court does so, it should undertake a "commonsense balancing" of the harm resulting from the violation. *Id.* at 541.

But "the existence of a right is the first, necessary step . . . toward obtaining a remedy." *Id.* at 536. Code § 19.2-159.1 confers no rights on defendants, so they are entitled to no remedy under the statute if a court declines to substitute counsel and grant a continuance for him or her to prepare. The defendant is harmed only if his or her constitutional rights are violated, and that determination is evaluated according to familiar Sixth Amendment precedents—if the defendant appropriately invokes them at the proper time. Reyes did not.

III. CONCLUSION

For the reasons set forth above, we conclude that there is no reversible error in the Court of Appeals' judgment affirming the circuit court's ruling. We therefore affirm.

*Affirmed.*

7